[No. G045855. Fourth Dist., Div. Three. May 16, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
YUSSUF SHOKUR, Defendant and Appellant.

**COUNSEL**

Kiran Nair for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Garrett Beaumont and Gil Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

MOORE, J.—Pursuant to his guilty plea, defendant Yussuf Shokur was convicted in 2005 of possessing marijuana for sale (Health & Saf. Code, § 11359). The change of plea form he initialed, signed, and declared he read advised defendant of the immigration consequences of conviction pursuant to Penal Code section 1016.5. The court also advised defendant of the immigration consequences of a guilty plea, a fact defendant does not contest. Seven years later, after defendant successfully completed probation; after he successfully had his guilty plea withdrawn, a not guilty plea entered, and the case dismissed pursuant to Penal Code section 1203.4; and after he subsequently pled guilty to two counts of robbery (Pen. Code, § 211) in another Orange County case, defendant brought what he styled as a nonstatutory motion to set aside his conviction in this matter based on counsel's alleged ineffectiveness for not explaining the immigration consequences of his guilty plea.

Defendant recognizes he does not qualify for relief under habeas corpus or error *coram nobis*. He maintains a nonstatutory motion is required by the United States Supreme Court's opinion in *Padilla v. Kentucky* (2010) 559 U.S. ___ [176 L.Ed.2d 284, 130 S.Ct. 1473], a position he contends is supported by California cases. We hold neither *Padilla v. Kentucky* nor the cited California cases require a nonstatutory motion safety net to provide a remedy when other remedies through which relief might have been obtained are no longer available.

I

FACTS

Defendant and his family came to the United States from Afghanistan when defendant was about 10 years old. He was eventually granted refugee status. His father worked in the Ministry of Agriculture in the Najibullah government and his mother was an elementary school teacher in Afghanistan.

In early 2005, defendant was charged in a felony complaint with possession of marijuana for sale (Health & Saf. Code, § 11359), possession of a billy club (Pen. Code, former § 12020, subd. (a)(1)), and driving on a suspended license (Veh. Code, § 14601.1, subd. (a)), a misdemeanor. On

February 22, 2005, defendant appeared in court with counsel, a deputy public defender. Pursuant to a plea bargain, he entered guilty pleas to possession of marijuana for sale and driving on a suspended license. The felony weapon charge was then dismissed. Defendant was placed on three years of formal probation and ordered to spend 30 days in county jail in addition to other terms and conditions of probation.

The change of plea form contained the following advisement concerning the immigration consequences of a conviction in that case: "I understand that if I am not a citizen of the United States the conviction for the offense charged will have the consequence of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." Defendant initialed the advisement and under penalty of perjury signed a declaration stating he understood the advisement and discussed it with his attorney.[1] During the change of plea colloquy, the court specifically asked defendant if he understood conviction "will have the consequence of deportation, exclusion from admission, and denial of naturalization pursuant to the laws of the United States." Defendant said he understood.

On December 18, 2008, after defendant successfully completed probation, the superior court granted his Penal Code section 1203.4 petition, set aside his guilty pleas, entered not guilty pleas, and dismissed the charges. In March 2010, defendant pled guilty to two counts of robbery (Pen. Code, § 211) and was ordered to serve one year in the county jail as a condition of probation.

In March 2011, defendant was placed in immigration removal proceedings. (See generally 8 U.S.C. §§ 1227, 1228, 1229a.) On July 12, 2011, defendant filed what he titled a nonstatutory motion to vacate his conviction for possession of marijuana for sale. He alleged his deputy public defender did not ask about his immigration status and did not advise him the conviction "results in absolute removal." The district attorney filed an opposition to defendant's motion. The prosecution argued defendant did not establish he was misadvised, failed to establish either prong of an ineffective assistance of counsel claim (*Strickland v. Washington* (1984) 466 U.S. 668 [80 L.Ed.2d 674,

---

[1] The declaration reads: "I understand each and every one of the rights outlined above and I hereby waive and give up each of them in order to enter my plea to the above charge(s). I am entering a plea of guilty because I am in fact guilty and for no other reason. I declare under penalty of perjury that I have read, understood, and personally initialed each item above and discussed them with my attorney, and everything on this form is true and correct. The signing and filing of this form is CONCLUSIVE EVIDENCE I have pled guilty to the enumerated charges herein."

104 S.Ct. 2052]), and did not make the showing required for *coram nobis* relief. The prosecutor also pointed out that a claim of ineffective assistance of counsel cannot serve as the basis for *coram nobis* relief. (*People v. Kim* (2009) 45 Cal.4th 1078, 1104 [90 Cal.Rptr.3d 355, 202 P.3d 436].) The prosecutor attached to the opposition as an exhibit a copy of defendant's change of plea form in the matter, something defendant had omitted from his motion.

The superior court denied defendant's motion in a written decision. Relying on *People v. Kim, supra,* 45 Cal.4th 1078, the court held a nonstatutory motion is not a proper vehicle to raise a postjudgment claim of ineffective assistance of counsel and concluded the court lacked jurisdiction to entertain defendant's claim. The court found jurisdiction to consider defendant's issue would exist under this state's habeas corpus jurisprudence or under Penal Code section 1018, but requirements of each were missing: defendant was no longer in actual or constructive custody, given the fact that his probationary term expired, and Penal Code section 1018 requires a motion to vacate the judgment must be made within six months of the court granting the defendant probation.

## II

## DISCUSSION

■ Defendant's conviction of possession of marijuana for sale (Health & Saf. Code, § 11359) is a deportable offense. Title 8 United States Code section 1227(a)(2)(B)(i) provides an alien is deportable if he has been convicted of an aggravated felony after admission to the United States. The instant conviction qualifies as an aggravated felony (8 U.S.C. § 1101(a)(43)(B)) and qualifies as a deportable offense under title 8 United States Code section 1227(a)(2)(B)(i) as well.[2] The advisement defendant received from the court informing him he would be deported if convicted notwithstanding, defendant argues his attorney should have informed him the conviction was for a deportable offense *and* he would not be eligible for discretionary relief or "waiver" of the deportation requirement. (See 8 U.S.C. § 1229b.)

■ In *People v. Kim, supra,* 45 Cal.4th 1078, the California Supreme Court held a noncitizen criminal defendant who was not advised by counsel of the immigration consequences of his guilty plea may not seek to vacate the judgment in the criminal case by means of a petition for a writ of error *coram*

---

[2] "Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable." (8 U.S.C. § 1227(a)(2)(B)(i).)

*nobis.* (*Id.* at pp. 1108–1109.) The noncitizen defendant who has not been advised of the immigration consequences of a guilty plea may move to withdraw his plea (Pen. Code, § 1018), make a statutory motion to vacate the judgment (Pen. Code, § 1016.5), appeal (Pen. Code, § 1237), or file a petition for a writ of habeas corpus raising the issue of ineffective assistance of counsel. (*In re Resendiz* (2001) 25 Cal.4th 230 [105 Cal.Rptr.2d 431, 19 P.3d 1171]; see *Strickland v. Washington, supra,* 466 U.S. at pp. 687–688 [two-pronged test for actionable ineffective assistance of counsel claim].) " 'The writ of error *coram nobis* is not a catch-all by which those convicted may litigate and relitigate the propriety of their convictions *ad infinitum.*' " (*People v. Kim, supra,* 45 Cal.4th at p. 1094.) Neither is a nonstatutory motion to vacate the judgment.

■ Recognizing the hurdle *Kim* poses to one in defendant's situation, defendant filed in the superior court what he titled a "non-statutory motion to vacate conviction." (Capitalization omitted.) Essentially relying on a triumvirate of cases (*Padilla v. Kentucky, supra,* 559 U.S. [176 L.Ed.2d 284, 130 S.Ct. 1473]; *People v. Fosselman* (1983) 33 Cal.3d 572 [189 Cal.Rptr. 855, 659 P.2d 1144]; *Murgia v. Municipal Court* (1975) 15 Cal.3d 286 [124 Cal.Rptr. 204, 540 P.2d 44]), defendant contends a nonstatutory motion to set aside the conviction is the proper vehicle by which to challenge his conviction on ineffective assistance of counsel grounds. According to defendant, these cases stand for the proposition the court has inherent authority to hear such a motion. The cases relied upon do not, however, compel the conclusion that the trial court retains jurisdiction to vacate its long-since final judgment when the state provides the means for challenging the judgment and the time limits in which the various remedies must be exercised have expired. In other words, a nonstatutory motion is not an all-encompassing safety net that renders all other remedies redundant and their respective time restrictions meaningless.

In *Padilla v. Kentucky,* Padilla, a native of Honduras, was charged with transporting marijuana in Kentucky. In considering whether to plead guilty to the charge, Padilla relied on his attorney's advice that "he ' "did not have to worry about immigration status since he had been in the country so long." ' [Citation.]" (*Padilla v. Kentucky, supra,* 559 U.S. at pp. ___–___ [130 S.Ct. at pp. 1477–1478].) Contrary to the advice given by his attorney, the United States government subsequently sought to deport Padilla. (*Id.* at p. ___ [130 S.Ct. at p. 1477].) The Kentucky Supreme Court assumed the truth of Padilla's allegation that he would not have pled guilty absent his attorney's erroneous advice, and held a criminal defendant's Sixth Amendment right to the effective assistance of counsel is not implicated by the attorney's misadvice about collateral consequences of a guilty plea, such as the immigration consequences of a guilty plea. (559 U.S. at p. ___ [130 S.Ct. at p. 1478].)

 The United States Supreme Court held "advice regarding deportation is not categorically removed from the ambit of the Sixth Amendment right to counsel." (*Padilla v. Kentucky, supra,* 559 U.S. at p. ___ [130 S.Ct. at p. 1482].) In other words, the two-pronged test of *Strickland v. Washington, supra,* 446 U.S. at pages 687–688, applies to a claim of ineffective assistance of counsel in connection with an immigration consequences advisement. (*Padilla v. Kentucky, supra,* 559 U.S. at p. ___ [130 S.Ct. at p. 1482].) Contrary to defendant's interpretation, *Padilla* does not require states to provide an avenue for noncitizens to challenge their convictions based on an erroneous immigration advisement when no other remedy is presently available. That issue was not presented to the high court as Kentucky permits a motion to vacate a conviction by "[a] prisoner in custody under sentence or a defendant on probation, parole or conditional discharge." (Ky. Rules Crim. Proc., rule 11.42(1); see *Commonwealth v. Padilla* (Ky. 2008) 253 S.W.3d 482, judg. revd. and cause remanded *sub nom. Padilla v. Kentucky, supra,* 559 U.S. at p. ___ [130 S.Ct. at p. 1487].) The Kentucky rule appears to serve the same function as Penal Code section 1473.[3]

Defendant's reliance on *Murgia v. Municipal Court, supra,* 15 Cal.3d 286 fares no better. In *Murgia,* our Supreme Court was faced with a "narrow question." (*Id.* at p. 290.) That question was whether criminal defendants may obtain discovery relevant to a claim that certain penal statutes were being discriminately enforced against them. (*Ibid.*) Defendant relies on one sentence in the *Murgia* decision to assert the trial court had jurisdiction in this matter to hear his nonstatutory motion to vacate the judgment based on ineffective assistance of counsel. In a footnote, the *Murgia* court considered whether a claim of discriminatory prosecution should be tried to the jury or to the trial judge. (*Id.* at pp. 293–294, fn. 4.) The court concluded the matter should be decided by a judge, not the jury, and the appropriate method to do so is through a nonstatutory motion like the one filed by the defendants in that case. "Although no clear California statutory authority provides for such a pretrial motion to dismiss, we have no doubt in light of the constitutional nature of the issue as to the trial court's authority to entertain such a claim. [Citations.]" (*Id.* at p. 294, fn. 4.)

 *Murgia v. Municipal Court* clearly stands for the proposition that a trial court has jurisdiction to determine whether the charges filed against a defendant in an action pending before it were filed as the result of unlawful discriminatory enforcement. (*Murgia v. Municipal Court, supra,* 15 Cal.3d at pp. 300–301.) It is one thing to say the court has jurisdiction to consider a constitutional claim in a case then pending before it. It is quite another to

---

[3] "Every person unlawfully imprisoned or restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment or restraint." (Pen. Code, § 1473, subd. (a).)

conclude a court has jurisdiction to consider a constitutional claim long after its judgment has become final *and* the time limits on the various postjudgment vehicles in which such a constitutional claim may be raised have passed. To interpret *Murgia* as defendant does would mean a claim of ineffective assistance of counsel, or any other constitutional challenge for that matter, may be brought *at any time* after judgment. Under such an interpretation, the time restraints applicable to the various means of challenging the judgment are themselves meaningless: if a defendant has failed to pursue a remedy provided by statute—a remedy allowing the defendant to raise an alleged constitutional violation—it is of no moment because the defendant may still raise the challenge as a nonstatutory motion to vacate the judgment after those time limits expire.

Like *Murgia, People v. Fosselman, supra,* 33 Cal.3d 572, dealt with the trial court's jurisdiction to consider a constitutional claim made in a case then pending before it. (*Id.* at p. 577.) In *Fosselman,* the issue was whether the defendant could raise an ineffective assistance of counsel claim as a ground for a new trial even though Penal Code section 1181, the statute controlling new trial motions, did not include ineffective assistance of counsel as one of the listed grounds for granting a new trial. (33 Cal.3d at p. 582.) In holding the defendant was entitled to raise his ineffective assistance of counsel claim in a motion for new trial, the Supreme Court noted a trial judge must conduct the trial " 'with solicitude for the essential rights of the accused' " and resolution of the issue by the trial court would avoid appellate review or habeas corpus proceedings. (*Ibid.*)

*Fosselman* is inapposite. A new trial motion must be brought prior to judgment. (Pen. Code, § 1182.) Defendant did not raise the issue of his counsel's performance while his case was pending in the superior court. The law provided defendant means to raise what he contends is a violation of his Sixth Amendment rights. He could have moved to withdraw his plea (Pen. Code, § 1018), appealed his conviction (Pen. Code, § 1237), or filed a petition for a writ of habeas corpus (*In re Resendiz, supra,* 25 Cal.4th 230).[4] *Fosselman,* like *Murgia,* does not stand for the proposition that the trial court retains jurisdiction for all time to consider belated constitutional challenges to a long-since final judgment.

■ Having failed to pursue any of the remedies provided by law, defendant may not now, years later, obtain relief via a nonstatutory motion to vacate the judgment. ■ " 'The maxim, "for every wrong there is a remedy" (Civ. Code, [§] 3523) is not to be regarded as affording a second

---

[4] He does not contend the trial court failed to comply with its requirement to advise him of the immigration consequences of a guilty plea and, thus, does not seek to vacate the judgment under Penal Code section 1016.5.

remedy to a party who has lost the remedy provided by law through failing to invoke it in time—even through such failure accrued without fault or negligence on his part.' [Citations.]" (*People v. Kim, supra,* 45 Cal.4th at p. 1099.) Accordingly, we find the superior court did not err in denying defendant's motion for want of jurisdiction.

However, even were we to conclude the court had jurisdiction to hear his motion in this matter the result would be the same. We would affirm the denial because defendant failed to make a prima facie showing he would be entitled to relief as a result of prior counsel's conduct.

"To prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. (*Strickland* [*v. Washington, supra,* 466 U.S.] at pp. 687–688, 693; [*People v.*] *Ledesma* [(1987) 43 Cal.3d 171, 216 [233 Cal.Rptr. 404, 729 P.2d 839].)" (*People v. Benavides* (2005) 35 Cal.4th 69, 92–93 [24 Cal.Rptr.3d 507, 105 P.3d 1099].) "Prejudice exists where there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. [Citation.]" (*Id.* at p. 93.) When the issue is raised in the context of a guilty plea, the prejudice prong requires the defendant to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty . . . ." (*Hill v. Lockhart* (1985) 474 U.S. 52, 58–59 [88 L.Ed.2d 203, 106 S.Ct. 366].)

Defendant claims his former attorney was ineffective for failing to inform him he would be "absolute[ly]" deported. He alleged he would not have pled guilty had he been properly advised. His argument appears to be counsel should have advised him the conviction is a deportable offense *and* he would not be eligible for any waiver of deportation.

Defendant was specifically advised by the court he would be deported as a result of the conviction. He said he understood. He was told the consequence of the guilty plea was deportation and he thereafter pled guilty. This is not a situation where an accused relied on his counsel's erroneous advice regarding the immigration consequences of a guilty plea (*Padilla v. Kentucky, supra,* 559 U.S. at p. ___ [130 S.Ct. at p. 1478]). It strains credulity for defendant to assert he would not have pled guilty had he been advised he would not be eligible for discretionary waiver from deportation when the only advisement he received about immigration consequences was that he *would be deported.* We therefore conclude defendant did not make the prima facie showing required for relief on ineffective assistance of counsel grounds.

## III

The order of the superior court is affirmed.

Rylaarsdam, Acting P. J., and Bedsworth, J., concurred.

A petition for a rehearing was denied June 5, 2012.