Filed 5/30/13  P. v. Singh CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JAPINDER JEET SINGH,<br><br>    Defendant and Appellant. | Consolidated Case Nos.<br>F063231 & F063232<br><br>(Super. Ct. Nos. MF38139 &<br>SUF29990)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Merced County.  John W. Parker, Judge.  (Assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Robert J. Beles, John P. McCurley and David Reagan for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Appellant and defendant Japinder Jeet Singh filed, in the trial court, a nonstatutory motion to vacate his convictions due to ineffective assistance of counsel. The trial court denied his motion. Defendant appeals from that order. On appeal, defendant asserts that, pursuant to *Padilla v. Kentucky* (2010) 559 U.S. 356 [130 S.Ct. 1473] (*Padilla*), his motion should have been granted. We disagree. *Padilla* neither mandates a vehicle for postjudgment challenges, such as defendant's, nor applies to convictions that became final prior to the date it was decided. Accordingly, we affirm the trial court's order denying defendant's motion.

## PROCEDURAL HISTORY[1]

In 1979, when defendant was eight months old, he entered the United States with his parents as a legal permanent resident.

In 1998, defendant was convicted of violating section 496 of the Penal Code, felony receiving stolen property. He was placed on probation.

On August 12, 2002, in Merced County Superior Court case No. 26998, defendant was convicted of violating section 12316, subdivision (b) of the Penal Code, possession of ammunition by a felon. He was placed on probation.

On December 24, 2003, in Merced County Superior Court case No. MF36733, defendant entered a plea of no contest to violating section 11377, subdivision (a) of the Health and Safety Code, felony possession of methamphetamine. In exchange, the People agreed to dismiss three misdemeanor charges and defendant would receive "Prop. 36" probation. (Pen. Code, § 1210.1 et seq.) Defendant was represented by Attorney Michael L. Pro. Defendant initialed and signed a plea form stating he understood that, if he was not a citizen, his plea would result in his "deportation (removal), exclusion from admission to the United States, or denial of naturalization."

---

[1] The facts underlying defendant's criminal offenses are not pertinent to this appeal; hence, we omit them.

Attorney Pro signed the form stating that he had reviewed the form with defendant and had explained to him the consequences of the plea. Defendant was placed on Proposition 36 probation.

On May 20, 2004, in case MF38139, defendant entered a plea of no contest to violating section 11383, subdivision (c) of the Health and Safety Code, felony possession of precursor chemicals with intent to manufacture methamphetamine. He also admitted violating his probation in cases 26998 and MF36733. In exchange, the People agreed to dismiss a felony charge of manufacturing methamphetamine. (Health & Saf. Code, § 11379.6.) The People also agreed to a mitigated term sentence in state prison, plus eight months on each violation of probation. Defendant was represented by Attorney Sean P. Howard. Defendant again initialed and signed a plea form stating he understood that, if he was not a citizen, his no contest plea would result in his "deportation (removal), exclusion from admission to the United States, and denial of naturalization." Attorney Howard signed the form stating he had reviewed the form with defendant and had explained to him the consequences of the plea.

On June 25, 2004, in cases MF36733, 26998, and MF38139, defendant was sentenced to the term negotiated: three years and four months in state prison.

On February 16, 2006, the People filed a complaint (Super. Ct. Merced County, No. MF42893) against defendant accusing him of committing a violation of section 459 of the Penal Code, residential burglary, on November 22, 2005. The complaint also contained the allegation that defendant had a prior prison term within the meaning of Penal Code section 667.5, subdivision (b). After pretrial motions in the superior court (now Super. Ct. Merced County, No. SUF29990), on May 11, 2006, defendant negotiated a plea bargain with the People. Defendant pled no contest to the charged residential burglary and admitted his prior prison term. In exchange, the People agreed that his sentence would be limited to a suspended state prison sentence, placement on probation, and one year in the county jail. Defendant was represented by Attorney William Davis.

3.

Defendant initialed and signed a plea form stating he understood that, if he was not a citizen, his plea would result in his "deportation (removal), exclusion from admission to the United States, and denial of naturalization." Attorney Davis signed the same form stating he had reviewed the form with defendant and had explained the consequences of the plea to him. Defendant was sentenced to a five-year term in state prison. Execution of that term was suspended and defendant was placed on probation for a period of three years on condition he serve one year in the county jail.

On August 28, 2006, an immigration hold was placed on defendant.

In February 2010, defendant was deported to India.

In May 2011, defendant filed, in case Nos. MF38139 and SUF29990, a nonstatutory motion asking the trial court to grant a new trial or to vacate his convictions based on ineffective assistance of counsel.[2] Attached to the motion were declarations by defendant and Attorney Davis. Defendant declared he was "never specifically told" by the court or by his attorneys that his pleas in the last three felony cases would subject him "to mandatory deportation with no possible relief from such, and no possibility of return to the United States" and that his family would be precluded from "ever being able to petition for my return to the United States." He went on to declare that, "[h]ad [he] been told," he would not have entered into the pleas, would "have urged my attorney … to pursue a resolution through which deportation and disqualification for other forms of relief could be avoided," and, if that failed, he would have exercised his right to a jury trial. Attorney Davis declared he reviewed his case file and "did not find any notes or other documentation, other than the plea form, indicating that [he] explained or otherwise communicated the immigration consequences of [defendant's] plea to him." He further

_____

[2]     Although defendant did not list, in the caption of his motion, case MF36733, he referred to it in the body of the motion.

4.

declared he had "no independent recollection" that he advised defendant of the immigration consequences of his plea.

Defendant argued that his attorneys were ineffective in their failure "to advise him of the clear immigration consequences of his plea" and for their failure to "attempt to secure immigration-safe pleas." He argued that the trial court had the "inherent authority" to grant a nonstatutory motion to withdraw plea based on ineffective assistance of counsel. In support of these arguments, defendant cited *Padilla, supra,* 130 S.Ct. 1473, *People v. Fosselman* (1983) 33 Cal.3d 572, and *People v. Davis* (1973) 31 Cal.App.3d 106. He contended he was prejudiced because "immigration safe pleas may have existed that would likely have satisfied the prosecution and the defendant alike."

The People filed an opposition to defendant's motion. In it, they argued defendant's nonstatutory motion was the equivalent of a petition for writ of error *coram nobis* and, because the alleged grounds were ineffective assistance of counsel, the motion failed pursuant to *People v. Kim* (2009) 45 Cal.4th 1078 (*Kim*). The People also argued that the record, specifically the plea forms and transcripts in each case, contradicted defendant's declaration regarding what he was told and what he knew. They additionally maintained that defendant failed to establish prejudice because he failed to show that, had his attorneys advised him differently, he would have gone to jury trial and the ultimate result would have been different.

The matter was heard in the trial court on June 10, 2011. After receiving evidence and argument, the trial court found defendant was advised on three occasions of the deportation consequences, and found the advice to be the "[r]ight advice."

## DISCUSSION

On appeal, defendant contends his trial counsel were ineffective for not exploring "alternative immigration-safe resolutions." Specifically, defendant claims, "had the consequences that [he] was certain to encounter been brought to his attention *before* he entered his no contest pleas, [he] would have either obtained immigration-safe resolutions

5.

through his attorney or gone to a jury trial in each case." Defendant concedes that he was advised, in each case, as required by Penal Code section 1016.5,[3] and acknowledges that his nonstatutory motion to vacate his convictions based on ineffective assistance of counsel is precluded by the California Supreme Court's ruling in *Kim*. He argues, though, that the trial court "has inherent authority to consider motions to vindicate the violation of constitutional rights and the statutory authority to alter existing procedures and fashion new procedures when the interests of justice requires it."[4] Defendant asserts that, in light of *Padilla*, this court should modify the ruling in *Kim* to permit such motions.

The People argue that defendant's nonstatutory motion asserting ineffective assistance of counsel is "the legal equivalent of a petition for a writ of error coram nobis." Relying on *Kim*, the People assert that, since ineffective assistance of counsel "'cannot be vindicated on coram nobis,'" the trial court properly denied defendant's motion. Additionally, the People argue defendant's attorneys were not ineffective as

---

[3]     Prior to accepting a plea of guilty or nolo contendere to any offense punishable as a crime under state law, a trial court must advise a defendant: "If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." (Pen. Code, § 1016.5, subd. (a).)

[4]     As statutory authority to alter existing procedures, defendant cites to Code of Civil Procedure sections 128, subdivision (a)(8) ("(a) Every court shall have the power to do all of the following: [¶] … [¶] (8) To amend and control its process and orders so as to make them conform to law and justice….") and 187 ("When jurisdiction is, by the Constitution or this Code, or by any other statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code.").

6.

demonstrated by the trial court's determination that the three plea forms established defendant's attorneys advised him of the immigration consequences of his pleas.

Remedies are available to defendants who have received ineffective assistance of counsel. Such a violation can be raised in a motion to withdraw plea (Pen. Code, § 1018), a prejudgment motion for new trial (*Kim, supra,* 45 Cal.4th at p. 1104; Pen. Code, § 1182), on appeal (Pen. Code, § 1237), or in a petition for a writ of habeas corpus (*People v. Pope* (1979) 23 Cal.3d 412, 426). A nonstatutory motion to vacate, however, is not one of the available remedies. Such a motion "has long been held to be the legal equivalent of a petition for a writ of error *coram nobis.*" (*Kim, supra,* 45 Cal.4th at p. 1096.) A claim of ineffective assistance of counsel is not an appropriate ground for relief on *coram nobis.* (*Id.* at p. 1104; *People v. Mbaabu* (2013) 213 Cal.App.4th 1139, 1144, 1147; *People v. Shokur* (2012) 205 Cal.App.4th 1398, 1403-1404; *People v. Soriano* (1987) 194 Cal.App.3d 1470, 1477.)[5]

In *Kim*, the defendant entered the United States legally with his parents when he was a young child. As a result of multiple criminal convictions, the federal government initiated removal proceedings. (*Kim, supra,* 45 Cal.4th at p. 1084.) The defendant filed a "'MOTION TO VACATE JUDGMENT (CORAM NOBIS)'" and a "'NON-STATUTORY

---

**5** A writ of error *coram nobis* is granted "only when three requirements are met. (1) Petitioner must 'show that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment.' [Citations.] (2) Petitioner must also show that the 'newly discovered evidence … [does not go] to the merits of issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial.' [Citations.] This second requirement applies even though the evidence in question is not discovered until after the time for moving for a new trial has elapsed or the motion has been denied. [Citations.] (3) Petitioner 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ….'" (*People v. Shipman* (1965) 62 Cal.2d 226, 230.)

MOTION AND MOTION TO VACATE JUDGMENT'" in the trial court seeking to vacate those convictions. (*Id.* at p. 1089.) The second motion alleged his constitutional rights were violated "because his trial counsel 'rendered ineffective assistance of counsel for his failure adequately to investigate the immigration consequences of the conviction' and also 'for his failure to defend Mr. Kim against a plea that would result in mandatory deportation or to make any effort to get an equivalent nondeportable conviction.'" (*Ibid.*) The trial court granted both motions. (*Id.* at p. 1090.) The Court of Appeal reversed and the California Supreme Court granted review. (*Id.* at p. 1091.)

The Supreme Court found several procedural bars to relief (*Kim, supra,* 45 Cal.4th at pp. 1096-1101), but it also found the defendant's assertion that his trial attorney was constitutionally ineffective for "failing to investigate the immigration consequences" of his plea and for "failing to negotiate an alternative plea to a nondeportable offense" did not "state[] a case for relief on *coram nobis*." (*Id.* at pp. 1102, 1104.)

Contrary to defendant's assertion, *Padilla* does not assist him. First, in *Padilla*, the United States Supreme Court rejected the concept that immigration consequences of criminal convictions are collateral and so counsel need not advise clients about them. (*Padilla, supra*, 130 S.Ct. at p. 1478.) It held that the Sixth Amendment guarantee of the effective assistance of counsel requires an attorney for a criminal defendant to provide advice about the risk of deportation arising from a guilty plea. (*Padilla, supra*, 130 S.Ct. at p. 1482.) The high court then analyzed whether Padilla's counsel's representation fell below an objective standard of reasonableness, the test set out in *Strickland v. Washington* (1984) 466 U.S. 668. (*Padilla, supra*, 130 S.Ct. at pp. 1482-1483.) The high court did not discuss or rule on the permissible procedural vehicles for raising the issue. As the appellate court stated in *People v. Shokur, supra,* 205 Cal.App.4th at page 1405, "*Padilla* does not require states to provide an avenue for noncitizens to challenge their convictions based on an erroneous immigration advisement when no other remedy is presently available. That issue was not presented to the high court as Kentucky permits a

8.

motion to vacate a conviction by '[a] prisoner in custody under sentence or a defendant on probation, parole or conditional discharge.'  [Citations omitted.]"

In *People v. Shokur, supra,* 205 Cal.App.4th 1398, Shokur raised the same procedural issue urged by defendant in this case.  Shokur was convicted and sentenced. Seven years later, after he had "successfully completed probation; after he successfully had his guilty plea withdrawn, a not guilty plea entered, and the case dismissed pursuant to Penal Code section 1203.4; and after he subsequently pled guilty to two counts of robbery (Pen. Code, § 211) in another Orange County case, [he] brought what he styled as a nonstatutory motion to set aside his conviction … based on counsel's alleged ineffectiveness for not explaining the immigration consequences of his guilty plea." (*Id.* at p. 1401.)  Shokur recognized that he did not qualify for relief under habeas corpus or error *coram nobis*.  (*Ibid.*)  He asserted, however, that a nonstatutory motion was required by *Padilla, supra*, 130 S.Ct. 1473, *People v. Fosselman, supra,* 33 Cal.3d 572, and *Murgia v. Municipal Court* (1975) 15 Cal.3d 286.  The appellate court disagreed.  "The cases relied upon do not … compel the conclusion that the trial court retains jurisdiction to vacate its long-since final judgment when the state provides the means for challenging the judgment and the time limits in which the various remedies must be exercised have expired.  In other words, a nonstatutory motion is not an all-encompassing safety net that renders all other remedies redundant and their respective time restrictions meaningless." (*People v. Shokur, supra,* 205 Cal.App.4th at p. 1404.)

Second, the ruling in *Padilla* does not apply retroactively.  A person whose conviction became final before *Padilla* was decided does not benefit from it.  (*Chaidez v. United States* (2013) __ U.S. __ [133 S.Ct. 1103, 1105].)  "State convictions are final 'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.' [Citations.]" (*Beard v. Banks* (2004) 542 U.S. 406, 411.)  Penal Code section 1237 identifies an order granting probation as a final

judgment for purposes of taking an appeal. (*People v. Amons* (2005) 125 Cal.App.4th 855, 868.) When the time for appeal lapses during a probationary period, the sentence becomes "'final and nonappealable.'" (*Id*. at p. 869.) Defendant's convictions were final years before the high court issued its decision in *Padilla*. Defendant cannot now "benefit from its holding." (*Chaidez v. United States, supra,* 133 S.Ct. at p. 1113.)

Just as the California Supreme Court declined the invitation to expand the historic boundaries of the writ of error *coram nobis* "to create a generalized common law postconviction, postcustody remedy" (*Kim, supra,* 45 Cal.4th at p. 1107), so do we. Defendant's nonstatutory motion, filed five years after his sentencing in 2006 and asserting ineffective assistance of counsel, was properly denied by the trial court.

Even if defendant's claim that the trial court abused its discretion when it denied his motion to vacate his pleas was properly before us, we would reject it because defendant did not meet his burden of showing he was denied the effective assistance of counsel when he entered any of the three pleas at issue. "An appellant claiming ineffective assistance of counsel has the burden to show: (1) counsel's performance was deficient, falling below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance resulted in prejudice. [Citations.]" (*People v. Montoya* (2007) 149 Cal.App.4th 1139, 1146-1147.)

In each case, defendant was advised, as evidenced by the change of plea form, that his plea would result in his deportation, exclusion from reentry, and denial of naturalization. In each case, defendant's counsel signed an acknowledgement on the change of plea form that he had gone over the case with defendant and explained to him the consequences of his plea. Further, defendant provided a declaration from only one of the attorneys who represented him in the three cases, and that attorney stated only that his notes did not reflect whether he had advised defendant of the immigration consequences of his plea. Moreover, defendant did not provide any corroboration for his assertion that

10.

none of the attorneys who represented him in the three cases at issue explained to him the immigration consequences "[he] was certain to encounter." In fact, the plea forms demonstrate the opposite. The trial court could reasonably have found from these circumstances that defendant did not meet his burden of showing the performance of his defense counsel in each case was deficient. Therefore, since defendant failed to meet his burden of proving he was denied the effective assistance of counsel in entering any of the pleas at issue, the trial court did not abuse its discretion when it denied his motion.

## DISPOSITION

The order of the superior court denying defendant's motion is affirmed.

_____
DETJEN, J.

WE CONCUR:

_____
CORNELL, Acting P.J.

_____
KANE, J.

11.