Filed 8/28/13  P. v. Decordova CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056274 |
| v. | (Super.Ct.No. FWV1101283) |
| CHARLES SHELBY DECORDOVA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Raymond P. VanStockum, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Bruce Zucker and Ryan Okabe for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Charles Shelby Decordova was charged with two counts of possession of matter depicting a minor engaging in sexual conduct.  (Pen. Code,

1

§ 311.11, subd. (a), counts 1 & 2.)[1] Defendant entered a plea agreement and pled guilty

to both counts. Subsequently, he moved to withdraw his plea. Following argument by

counsel, a trial court denied the motion. The court then granted defendant supervised

probation for a period of three years, under specified terms and conditions. Defendant

filed a notice of appeal and request for a certificate of probable cause, which the court

granted.[2]

Defendant's sole contention on appeal is that the court abused its discretion in

denying his motion to withdraw the plea. We affirm.

## FACTUAL BACKGROUND[3]

Defendant brought an external hard drive to a computer technician and asked him

to transfer data to another hard drive. As the technician scanned through the files on

defendant's hard drive, he noticed that some of the pictures were of naked girls who

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

[2] We note that defendant filed two amended notices of appeal. The first amended notice of appeal filed was the first one to challenge the validity of the plea. Defendant attached a request for certificate of probable cause, which the court granted. In the second amended notice of appeal, defendant checked an additional box stating that the appeal was also based on the sentence or other matters occurring after the plea. Defendant attached the same request for certificate of probable cause, but the court denied it. Since the court previously granted the request for certificate of probable cause, this court will assume, as the parties do, that the first amended notice of appeal is the operable one.

[3] This brief summary of the facts is derived from the police reports. The parties stipulated to the police reports as a factual basis for defendant's guilty plea.

appeared to be between the ages of seven and 10. The technician reported his discovery to the police.

The police obtained a search warrant for defendant's residence and executed it the next day. Defendant's wife and children were at home when the police executed the warrant. An officer told defendant's wife that they were looking for child pornography. He informed her that defendant had taken an external hard drive to a repairman, and he found child pornography on it. She did not seem surprised. The police recovered two computers, two external hard drives, videotapes, pornographic DVDs, floppy disks, as well as other items. The officer left his business card and asked defendant's wife to have defendant call him.

The next day, defendant called the officer and left numerous voice messages. The officer noted that, in his messages, defendant seemed more concerned about getting his computers back than why they were taken. Defendant called back again, and when they spoke, defendant told the officer that he did not sell or distribute child pornography, but admitted that he was in possession of a few images. Defendant said he had a fetish for women with forearm hair, and he was looking for photos of arm hair.

The following day, the police interviewed defendant at the police station. He talked about the hard drive he had brought to the reporting party. He said the file containing the child pornography was password protected so that no one else in the house would see the photos. Defendant said he would download the photos in batches, go through them, and delete the photos he did not want. He tried to download pictures of

3

fully clothed children, but he was not looking at the age of the children since he was only looking for arm hair. He said he hoped the girls who were naked were of legal age.

ANALYSIS

The Trial Court Properly Denied Defendant's Motion to Withdraw His Plea

Defendant argues the court erred in denying his motion to withdraw his guilty plea. He challenges the validity of his guilty plea on the ground of ineffective assistance of counsel (IAC). We conclude that the court properly denied the motion.

A. *Procedural Background*

On August 22, 2011, prior to orally entering his plea, defendant signed and initialed a three-page plea agreement. The agreement provided that he would plead guilty to counts 1 and 2. Defendant initialed the box next to item 19, which states: "I have had sufficient time to consult with my attorney concerning my intent to plead guilty/no contest to the above charge(s) . . . . My lawyer has explained everything on this declaration to me, and I have had sufficient time to consider the meaning of each statement. I have personally placed my initials on certain boxes on this declaration to signify that I fully understand and adopt as my own each of the statements which correspond to those boxes." The parties agreed to formal probation and lifetime sex offender registration, with 270 days in county jail. Defense counsel signed the portion of the plea agreement providing that he had "personally read and explained the contents of the [plea agreement] to the defendant; that [he] personally observed the defendant sign [the agreement]; that [he] concur[red] in the defendant's withdrawal of [his] plea(s) of

4

not guilty; and that [he] concur[red] in the defendant's plea(s) of guilty . . . as set forth by the defendant in the above [agreement]."

At the taking of defendant's plea, the court asked if defendant had sufficient time to discuss his case with his attorney and if his attorney had answered all his questions in this matter. Defendant replied that he had. The court reviewed his rights, the charges, the penalties and punishment, and asked if defendant understood everything. Defendant replied that he did. The parties stipulated to the police report as a factual basis for the plea. Defendant orally entered a plea of guilty to counts 1 and 2, as read by the court as being a "violation of Penal Code section 311.11(a), as a felony[.]" The court asked if defense counsel joined in the plea, and he did. The court then accepted the plea, finding that defendant understood the written declaration and plea, the nature of the charges, and the consequences of his guilty plea. The court found that defendant knowingly waived his constitutional rights, and that the plea was free and voluntary.

On December 6, 2011, defendant filed a motion to withdraw his plea. The prosecutor filed an opposition on March 27, 2012.

On April 3, 2012, the trial court held a hearing on the motion. The court indicated that it had reviewed defendant's motion, as well as the opposition. The court was the same one that took defendant's plea. After hearing argument from counsel, the court stated that it had gone over the pleadings and looked at the cases in the matter. It noted that some of the children in the pictures were "as young, allegedly, as seven years old . . . ." The court stated that defendant "made a knowing and intelligent plea, [and waived] his rights appropriately, with all full knowledge of what he was facing." The

5

court further noted that his counsel "saw enough information to let him know that if he was going to go any further with this[,] he was probably going to withdraw because of the nature of the case and what he saw." The court concluded: "So I think he came to the same conclusion [defendant] did that it was probably a plea agreement that would benefit him, and that included the life-time registration. So based on that, I will deny the Motion to Withdraw the plea."

B. *Standard of Review*

"A defendant who seeks to withdraw his guilty plea may do so before judgment has been entered upon a showing of good cause. [Citations.]" (*People v. Weaver* (2004) 118 Cal.App.4th 131, 145 (*Weaver*); see also § 1018.) "To establish good cause, it must be shown that defendant was operating under mistake, ignorance, or any other factor overcoming the exercise of his free judgment. [Citations.] Other factors overcoming defendant's free judgment include inadvertence, fraud or duress. [Citations.] However, '[a] plea may not be withdrawn simply because the defendant has changed his mind.' [Citation.]" (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208 (*Huricks*).) "'The burden is on the defendant to present clear and convincing evidence the ends of justice would be subserved by permitting a change of plea to not guilty.' [Citation.]" (*Weaver*, *supra*, 118 Cal.App.4th at p. 146.)

Furthermore, "the two-part *Strickland v. Washington* [(1984) 466 U.S. 668, 687 (*Strickland*)] test applies to challenges to guilty pleas based on ineffective assistance of counsel." (*Hill v. Lockhart* (1985) 474 U.S. 52, 58.) The first half of the *Strickland* test requires that defendant show that his counsel's performance was deficient. (*People v.*

6

*Shokur* (2012) 205 Cal.App.4th 1398, 1407; *Hill v. Lockhart*, *supra*, 474 U.S. at p. 58.) "[I]in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (*Hill v. Lockhart*, at p. 59.)

"'Withdrawal of a guilty plea is left to the sound discretion of the trial court. A denial of the motion will not be disturbed on appeal absent a showing the court has abused its discretion.' [Citations.]" (*Huricks*, *supra*, 32 Cal.App.4th at p. 1208.)

C. *There Was No Abuse of Discretion*

Defendant contends he should have been allowed to withdraw his guilty plea because he accepted a plea deal based on his counsel's ineffective assistance. Specifically, he claims that: (1) his trial counsel failed to spend adequate time answering his questions or helping him understand his guilty plea; (2) his counsel never advised him how the police obtained the images and whether any forensic investigation was performed on the hard drive; (3) he never had any information that the photos he downloaded contained images depicting minors in illegal poses; (4) he was never shown the "potentially exculpatory evidence of the search terms located on his computer"; and (5) his counsel unduly pressured him to plead guilty by advising him to "take the deal" since there was no way for him to prevail, and by stating that if defendant did not plead guilty, counsel would not be able to represent him due to a conflict of interest. Defendant has failed to establish IAC or to prove by clear and convincing evidence that any of these contentions provided good cause to withdraw his plea.

7

First, defendant fails to show that his counsel's performance was deficient. He cannot demonstrate that his attorney failed to spend adequate time answering his questions. To the contrary, defendant expressly informed the trial court that he had an adequate opportunity to confer with counsel. On his plea form, he initialed the box next to item 19, which stated: "I have had sufficient time to consult with my attorney concerning my intent to plead guilty/no contest to the above charge(s) . . . . My lawyer has explained everything on this declaration to me, and I have had sufficient time to consider the meaning of each statement." Defendant also answered in the affirmative at the plea hearing, when the court asked if he had enough time to discuss the case with his attorney, and if his attorney had answered all his questions.

Similarly, defendant's complaints that his counsel never advised him how the police obtained the images, and that he never had any information that the photos contained images depicting minors in illegal poses, ring false since the record shows that he already possessed that information. His wife was home when the police executed the search warrant and seized his computers, hard drives, and other items. Defendant called the police and left several messages, indicating his concern about getting his computers back. Furthermore, when defendant actually spoke with the police, he stated that he did not sell or distribute child pornography, but admitted that he was "in possession of a few images." He also said the file containing the child pornography was password protected so no one else in his house would see the photos. When questioned further, defendant said he did not know how old the girls in the photos were, but he thought they were teenagers. Thus, the record demonstrates that defendant knew that the police had seized

8

his computers and hard drives with the images from his home, and he knew that at least some of the images were of child pornography.

Defendant has also not shown that his counsel pressured him into entering the plea agreement by advising him to "take the deal" and by stating that if he did not plead guilty, he would not be able to represent him. "Nothing in the record indicates [defendant] was under any more or less pressure than every other defendant faced with serious felony charges and the offer of a plea bargain." (*Huricks*, *supra*, 32 Cal.App.4th at p. 1208.) The only evidence defendant cites is his own declaration, which the trial court apparently rejected when it denied the motion. Additionally, at the plea hearing, the court found that defendant's plea was free and voluntary, and defendant did not indicate otherwise.

Furthermore, defendant has not demonstrated prejudice as to any of his claims. In other words, he has not shown that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (*Hill v. Lockhart*, *supra*, 474 U.S. at p. 59.) He claims that his declaration attached to the motion to vacate the plea states that "he would not have waived his constitutional rights to a trial on the merits had the trial attorney properly advised him." However, his declaration contains no such statement. We specifically note his claims that he was never advised whether any forensic investigation was performed on the subject hard drive, and that he was never shown the "potentially exculpatory evidence of the search terms located on his computer." However, in light of his incriminating

9

statements to the police, it is difficult to see how this information would have made any difference if he would have insisted on going to trial.

Ultimately, none of defendant's claims establish good cause for withdrawing his plea, since they do not indicate that he was operating under mistake, ignorance, or inadvertence, or that the exercise of his free judgment was overcome. (See *People v. Nance* (1991) 1 Cal.App.4th 1453, 1455.) As the trial court observed, defendant "made a knowing and intelligent plea, waiving his rights appropriately, with all full knowledge of what he was facing." The court was well within its discretion when it denied defendant's motion to withdraw the plea.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST_____

Acting P. J.

We concur:


McKINSTER_____

    J.


MILLER_____

    J.