Filed 1/21/15  P. v. Farias-Macias CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048681 |
| v. | (Super. Ct. No. 03CF3354) |
| CARLOS ANTONIO FARIAS-MACIAS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

Eduardo Paredes for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Amanda E. Casillas, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Carlos Antonio Farias-Macias appeals from the trial court's order denying his nonstatutory motion to vacate a 2003 guilty plea for failing to properly advise him of the immigration consequences of the plea. He argues his public defender's special appearance at the plea hearing for a codefendant deprived him of counsel. Because he had neither the procedural ability to bring this motion at this late date nor the factual basis to support it even if he did, the court's order denying the motion is affirmed.

I

FACTS

In November 2003, defendant and a codefendant, Maximo Casarrubias Resendiz, were charged with two felonies and a misdemeanor that apparently arose from a vehicle stop. One of the felony counts charged defendant with possession for sale of a controlled substance (Health & Saf. Code, § 11378). Later that month, defendant and Resendiz both entered into plea agreements.[1] Defendant was represented by the public defender, and Resendiz by a retained attorney. The plea form reflects that defendant pled guilty to the possession count and the remaining counts were dismissed.

With respect to the factual basis for the plea, defendant wrote: "On 11-1-03 in O.C., I willfully and unlawfully possessed a usable quantity of methamphetamine for purposes of sale." Defendant initialed the plea form next to the following statement: "I understand that if I am not a citizen of the United States the conviction for the offense charged will have the consequence of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." Under penalty of perjury, defendant signed a statement that he was pleading guilty

---

[1] The record in this case is sparse. Many relevant facts are undisputed by the parties and included in the court's order, and where this is true, we accept the facts as correct for the purposes of this opinion. Defendant's counsel is nonetheless reminded of the duty to provide the necessary record on appeal.

2

because he was in fact guilty and for no other reason. He had also read, understood, and initialed each relevant item on the form and discussed them with his attorney.

Defendant's public defender signed a statement that he had explained defendant's rights to him, explored the facts, and concurred in his decision to enter a guilty plea. Resendiz's retained attorney signed an identical statement on Resendiz's plea form.

At the plea hearing, the public defender made a special appearance for Resendiz's retained attorney. During the hearing, the court asked the defendants if they understood their rights, and both answered that they did. The court also asked: "Do . . . you understand if you are not a citizen of the United States, the consequences of the guilty plea could result in deportation, exclusion from admission, or denial of naturalization pursuant to the laws of the United States?" Defendant answered "Yes." The minute order also reflects defendant was advised of the consequences of the plea affecting deportation and citizenship. The court accepted the plea, the remaining counts were dismissed, and defendant was placed on three years of probation and ordered to serve 180 days in jail.

In 2008, defendant moved to dismiss and expunge his record pursuant to Penal Code section 1203.4.[2] The motion included a letter from defendant taking responsibility for the crime. The court granted the motion.

In April 2013, defendant filed a "motion to vacate." The motion, which did not assert a statutory basis for relief, argued that the court's admonishment of rights with respect to immigration consequences was inadequate because defendant was represented by an attorney who represented other codefendants. Without citing authority for this proposition, he argued this constituted a denial of the right to counsel.

---

[2] Subsequent statutory references are to the Penal Code.

3

The motion was accompanied by several handwritten statements in Spanish, none of which set forth that it was a declaration under penalty of perjury. Nor does the translator's statement indicate she is a certified translator. In defendant's statement, he denied the factual basis for the plea and said Resendiz was the only guilty party. He also stated if he had been provided with an attorney who was not also representing Resendiz, he would have blamed him for the incident. Defendant's unsworn statement thus contradicted both his statement under penalty of perjury on the plea form and the letter he submitted to the court in connection with his expungement motion. Defendant also stated he would not have pled guilty if he had known the immigration consequences.

The court denied the motion.

II

DISCUSSION

Although defendant now claims this is an appeal pursuant to section 1016.5, which requires defendants be warned plea bargains may have immigration consequences, that section is mentioned nowhere in his original motion. His sole claim was that because his public defender represented both he and Resendiz at the plea hearing, he was denied the right to counsel. Indeed, at the hearing on the motion, the court asked whether the section 1016.5 motion was defective. Counsel said that it was not. Defendant is now arguing, for the first time, in a three paragraph argument devoid of authority, that the otherwise adequate immigration advisement was somehow tainted by the alleged conflict of interest.

Defendant's motion has no statutory basis, and is therefore subject to dismissal. The California Supreme Court has held that nonstatutory motions, deemed writs of error *coram nobis*, cannot be used to vacate or withdraw a guilty plea based on an inadequate immigration advisement. (*People v. Kim* (2009) 45 Cal.4th 1078, 1104.) Nor can ineffective assistance of counsel claims be raised in such a context. (*Ibid.*)

4

Defendant also argues *Padilla v. Kentucky,* (2010) 559 U.S. 356, as a basis for relief. This court explicitly rejected that notion in *People v. Shokur* (2012) 205 Cal.App.4th 1398, 1405. "*Padilla* does not require states to provide an avenue for noncitizens to challenge their convictions based on an erroneous immigration advisement when no other remedy is presently available." (*Ibid.*) "Having failed to pursue any of the remedies provided by law, defendant may not now, years later, obtain relief via a nonstatutory motion to vacate the judgment." (*Id.* at p. 1406.)

Further, even if this court had jurisdiction to hear defendant's claim, we would reject it as lacking a factual basis. His claim that he was denied counsel because his public defender made a special appearance for Resendiz's retained attorney on the day of the plea hearing is without merit. There is no evidence demonstrating or even suggesting that the plea was not worked out ahead of time and the hearing merely pro forma.

While defendant's attorney signed his plea form on the date of the plea hearing, Resendiz's retained attorney signed his form. The only reasonable inference from that fact is that both defendant and Resendiz met separately with their own attorneys and discussed the consequences of a plea — there is certainly no evidence indicating otherwise. Defendant did, therefore, have his own separate counsel at the critical stage of deciding whether to accept the plea agreement.

By signing the plea form, he both admitted the factual basis of the plea under penalty of perjury and acknowledged the immigration consequences. He was again advised of those consequences in court, and we cannot imagine any circumstance where it would have made a difference if Resendiz's retained attorney had also been present when asked if he understood those consequences. Thus, even if there were some procedural vehicle under which we could consider defendant's argument, we would reject it on its merits. Defendant was not denied the assistance of counsel.

5

### III

### DISPOSITION

The court's order is affirmed.


                                    MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


ARONSON, J.