Filed 2/29/16  P. v. Vasquez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062068 |
| v. | (Super.Ct.No. FRE05168) |
| FELIPE DE JESUS VASQUEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  William Jefferson Powell IV, Judge.  Affirmed.

Karlin & Karlin and Marc A. Karlin for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Susan Elizabeth Miller, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Felipe De Jesus Vasquez appeals from the denial of his motion to vacate his 2002 guilty plea to possession for sale of a controlled substance (Health & Saf. Code, § 11378—count 2). Defendant contends he received ineffective assistance of counsel when he entered that plea because his counsel failed to advise him of the immigration consequences of his plea. We find no error, and we affirm.

FACTS AND PROCEDURAL BACKGROUND

The underlying facts are not relevant to the issue raised in this appeal, and the parties have not provided any statement of those facts. We will likewise omit such a statement.

On March 6, 2002, defendant was charged in a felony complaint with transportation of a controlled substance, methamphetamine (Health & Saf. Code, § 11379, subd. (a)—count 1) and possession for sale of a controlled substance, methamphetamine (Health & Saf. Code, § 11378—count 2). On March 15, 2002, defendant entered into a plea bargain, pursuant to which he entered a plea of guilty to one count of possession for sale of a controlled substance. (Health & Saf. Code, § 11378—count 2). On the plea form, defendant initialed the following statement: "I understand that if I am not a citizen of the United States, deportation, exclusion from admission to the United States, or denial of naturalization may result from a conviction of the offense(s) to which I plead guilty/nolo contendere (no contest)." At the plea hearing, defendant confirmed that with the aid of his attorney, he had read and gone over the statements in the plea agreement form where he had placed his initials, and he had signed

2

the form. He confirmed that he understood the legal rights he would be giving up by his plea. The court found that defendant understood the consequences of his plea and "understandingly and intelligently waive[d] his constitutional rights." On April 29, 2002, defendant was sentenced to 90 days in the county jail followed by 36 months of supervised probation.

On July 21, 2014, defendant moved to vacate his guilty plea on the ground he had received ineffective assistance of counsel because his counsel had failed to advise him of the immigration consequences of his plea. In his motion, defendant stated he is a citizen of Mexico and is seeking to obtain legal immigration status in this country through his three children, who are United States citizens, and his parents, who are legal permanent residents of the United States. He asserts in his motion and in this appeal that his conviction prevents him from obtaining legal immigration status.

Defendant stated that before he entered his plea, his counsel did not ask him if he was a United States citizen or what his immigration status was. He asserts that counsel never advised him that his guilty plea would affect his immigration status or a future application for legal immigration status. Defendant stated that the plea form was not translated from English to Spanish before he signed it. He adds, that in court, he was extremely nervous, and he did not remember the trial court explaining immigration consequences of his plea.

On September 30, 2014, at the hearing on defendant's motion to vacate his plea, defense counsel conceded that defendant's plea form contained the required immigration admonition, and that defendant had been assisted by a Spanish language interpreter at the time of his plea. The trial court denied the motion on the grounds that (1) the motion was a collateral attack akin to a petition for writ of habeas corpus; (2) defendant had no standing to pursue such relief because he was no longer in custody; and (3) the petition was untimely.

## DISCUSSION

Defendant contends he received ineffective assistance of counsel when he entered that plea because his counsel failed to advise him of the immigration consequences of his plea.

Defendant bases his motion on *Padilla v. Kentucky* (2010) 559 U.S. 356. In that case, the United States Supreme Court held that immigration consequences are an integral part of the penalty imposed on a noncitizen defendant who pleads guilty to certain crimes, and defense counsel has an affirmative duty to accurately inform a defendant of the risk of deportation created by such a plea. (*Id.* at pp. 371-372.) Defendant argues that *Padilla* may be applied retroactively. However, the Supreme Court has since clarified that the holding in *Padilla* does *not* apply retroactively. (*Chaidez v. U.S.* (2013) ___ U.S. ___ [133 S.Ct. 1103, 1107-1113].)

Defendant characterizes his motion as equivalent to a petition for writ of error *coram nobis*. To prevail on such a petition, the petitioner must show that (1) "'some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment'" (*People v. Shipman* (1965) 62 Cal.2d 226, 230); (2) the "'newly discovered evidence . . . [does not go] to the merits of issues tried'" (*ibid*.); and (3) "'that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his [petition] for the writ'" (*ibid*.; see *People v. Kim* (2009) 45 Cal.4th 1078, 1093). The remedy applies to correct only errors of *fact*; "'[t]he remedy does not lie to enable the court to correct errors of law.'" (*Kim*, at p. 1093.) Moreover, the remedy is not available to a defendant who had some other remedy at law, such as an appeal or motion for new trial, but who failed to avail himself of such a remedy. (*Ibid*.)

California law does not provide any statutory or nonstatutory vehicle for a defendant to raise a constitutional claim after the conviction is final and the defendant has been released from custody. (*People v. Shokur* (2012) 205 Cal.App.4th 1398, 1406-1407.) Rather, if a defendant fails to timely seek legal remedies, he is barred from doing so, even if the failure was not based on his own fault or negligence. (*Id.* at p. 1407.) Defendant's conviction took place in 2002. It is long since final. The trial court did not err in denying his request to vacate his guilty plea.

DISPOSITION

The order appealed from is affirmed.

TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER _____
J.

We concur:


RAMIREZ _____
P. J.


MILLER _____
J.

6