Filed 6/18/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B252036 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA284522) |
| v. | |
| EDGARDO R. AGUILAR, | |
| Defendant and Appellant. | |

Appeal from denial of defendant's post-conviction motion to vacate his no-contest plea and conviction.  (Pen. Code, § 1237, subd. (b).)  Edmund Willcox Clarke, Judge. Affirmed.

Edgardo R. Aguilar, in pro. per.; and Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Edgardo R. Aguilar, a lawful resident alien, was convicted of a felony involving illegal possession of a firearm, after pleading nolo contendre in 2005. He completed his sentence of one day in custody and a three-year term of probation. He is now facing removal from the United States by federal immigration authorities, allegedly because of his firearm conviction. In order to remove the cause for his threatened deportation, Aguilar filed a motion to vacate his judgment of conviction and withdraw his plea, based on claimed ineffective assistance of counsel in failing to properly advise him on the immigration consequences of his plea, and failure to obtain a result that would not result in his deportation.

In *People v. Villa* (2009) 45 Cal.4th 1063, the Supreme Court held that a defendant who is in federal custody but is no longer in state custody as a result of his earlier conviction is ineligible for relief by way of a writ of habeas corpus. In a companion case, *People v. Kim* (2009) 45 Cal.4th 1078, the court held that defendants in that situation are not entitled to have their convictions and pleas vacated by a writ of error *coram nobis*, because (among other reasons) statutory relief is available under Penal Code section 1016.5.[1] (*People v. Kim*, *supra*, at pp. 1103-1104.) However, the factual grounds for Aguilar's motion do not support a claim under that provision. For these reasons, we therefore affirm the trial court's refusal to grant his motion.

**Procedural History**

*Charge and conviction*

On July 12, 2005, defendant Edgardo R. Aguilar[2] pled nolo contendre, under a plea agreement, to count 1 of a criminal complaint charging him with "short barreled shotgun or rifle activity," (former § 12020, subd. (a)(1), repealed by Stats. 2010, ch. 711, § 4, operative Jan. 1, 2012, and reenacted as § 33210), a felony. The complaint charged him in count 2 with exhibiting a firearm (§ 417, subd. (a)(2)), a misdemeanor. The court accepted his plea and found him guilty of count 1. On August 12, 2005, he was

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Appellant is also referred to in some documents as Edgardo Aguilar Acosta.

2

sentenced to one day in county jail with credit for one day in custody, and 36 months of formal probation with 150 hours of community service. The count 2 charge was dismissed.

### Petition to vacate plea and conviction

On May 8, 2013, defendant filed a petition in propria persona to vacate his conviction based on ineffective assistance of counsel.[3] His verified petition alleged that his conviction following his nolo contendre plea violated the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and article I, sections 1, 7, 15, and 16 of the California Constitution, in that: (1) his counsel at the time of his plea failed to research or advise him of the immigration consequences of his plea agreement; (2) his counsel failed to attempt to obtain a plea agreement or trial result that would minimize the adverse immigration consequences of the agreement under which he pled; and (3) his counsel failed to advise him of the immigration consequences of his plea. He alleged he was then confined in a federal facility in San Bernardino by the Department of Homeland Security/Immigration and Customs Enforcement (DHS/ICE), he was not entitled to bail, and he was expecting removal to El Salvador upon a decision in his removal proceeding.

Defendant's petition alleges that until he was detained by DHS/ICE he had resided in the United States for 33 years, he was an employed permanent resident of the United States, with a citizen wife and five U.S.-born children, all of whom depend on him financially and emotionally; and that he had left El Salvador at the age of 10 and has no friends or family there. It alleges that his appointed counsel did not advise him of the immigration consequences of his plea, or that a conviction of count 1 would have the consequences of mandatory exclusion from the United States, and asks that he be permitted to withdraw his plea and have his conviction vacated in order to permit him to change his plea and stand trial for the charges to which he had pled and was convicted.

---

[3] We refer to Aguilar's request for relief interchangeably as a petition or motion, as do the parties.

3

*Hearing and ruling on petition*

Aguilar's motion was called for hearing on June 5, 2013, but was continued to July 8. The court issued an order requiring the superintendent of the DHS/ICE detention facility to deliver Aguilar to the custody of the county sheriff for his court appearance on July 8, 2013. Aguilar was not present in court when the matter was called on July 8, July 23, August 14, August 21, and August 27, 2013. When the matter was again called on September 17, 2013, Aguilar was represented at the hearing by private counsel, but neither Aguilar's former attorney (a deputy public defender, who had been subpoenaed to attend) nor Aguilar was present. ~ (CT 76, 78)~

The court heard argument on a number of points and either denied the motion, or took the motion off calendar, for lack of jurisdiction.[4] The apparent ground for the jurisdictional ruling (whether denial or postponement) was that Aguilar was absent from the hearing, while the court considered his presence a jurisdictional requirement.

*Notice of appeal*

On October 2, 2013, the trial court received and filed in propria persona a document received from Aguilar by mail,[5] which it appropriately treated as a notice of appeal from the September 17, 2013 ruling.[6]

---

[4] The court's final disposition at the hearing is transcribed in the reporter's transcript: "Counsel, your motion is off calendar for lack of jurisdiction." However, the corresponding minute order recites that "Defendant's motion to vacate plea is heard, argued, and denied for lack of jurisdiction."

[5] The document, which was entitled, "Appeal Brief: In Support Of Plea Pursuant To P.C. 1016.5; Padilla v. Kentucky, 559 U.S. (2010) In Support Of: Petition For Writ Of Habeas Corpus Due To Ineffective Assistance Of Counsel [PC §1385]," had an attached Petition For Writ Of Habeas Corpus, dated September 24, 2013, as well as copies of the earlier trial court motion and minute orders reflecting its disposition.

[6] In addition to a Clerk's Transcript and a Reporter's Transcript of the September 17, 2013 hearing, the record contains a Supplemental Clerk's Transcript with a Certificate of Probable Cause signed and filed by the court on November 19, 2013. The most recent authority on the subject is that such a certificate is not required for an appeal

4

*Appellant's Opening Brief*

On February 11, 2014, Aguilar's appointed appellate counsel filed Appellant's Opening Brief, briefly stating the events set forth above, representing that she had advised Aguilar of his right to file a supplemental brief, and requesting that this court independently review the entire record on appeal for arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

On March 5, 2014, Aguilar, acting in propria persona, filed Appellant's Supplemental Brief in this court.  Respondent has not appeared.

## Discussion

### A. The lack of jurisdiction ruling

The trial court's concern that it lacked jurisdiction to grant Aguilar leave to withdraw his plea was based on section 977's requirement that a felony defendant must be present in court "at the time of plea" as well as for all other proceedings "unless he or she shall, with leave of court, execute in open court, a written waiver" of that right.  (§ 977, subd. (b)(1).)[7]  Aguilar's counsel advised the court, "We've had to [rely on Aguilar's declaration] because of his inability to get him out of ICE custody]."  But having no valid waiver from Aguilar, the court expressed its concern that if his conviction and plea were set aside, the prosecution would be entitled to obtain a new plea, which could not be obtained until the court again obtained jurisdiction over him.  The court identified Aguilar's absence as "a problem of federal supremacy.  If you want

_____

from the denial of a motion to vacate under section 1016.5.  (*People v. Arriaga* (2014) 58 Cal.4th 950.)

[7] See also section 1018 ["Unless otherwise provided by law, every plea shall be entered or withdrawn by the defendant himself or herself in open court. . . ."]; *People v. McGee* (1991) 232 Cal.App.3d 620, 623 ["Section 1018 requires that every plea must be entered or withdrawn 'by the defendant himself in open court.'"]; but cf. *People v. Superior Court (Giron)* (1974) 11 Cal.3d 793, 798 [court had discretion under section 1018 before entry of judgment to permit withdrawal of guilty plea and entry of plea of not guilty]; *People v. Gaines* (1962) 58 Cal.2d 630 [no error in permitting counsel to withdraw defendant's plea of not guilty by reason of insanity without defendant being present].

to convince the federal government they should release Mr. Aguilar so that he can come here and seek this remedy, then I'll be happy to consider this motion and weigh the merits . . . ."[8]

These exchanges, read in conjunction with the trial court's concluding statement that "Counsel, your motion is off calendar for lack of jurisdiction," leave little doubt that the court did not intend to deny the motion on its merits. (See Code Civ. Proc., § 273 [Reporter's transcript of proceedings is prima facie evidence of such proceedings; *In re Evans* (1945) 70 Cal.App.2d 213, 216, citing *People v. Litchman* (1936) 17 Cal.App.2d 252 [when transcript is not consistent with written order, circumstances of case should control determination which governs].)

Were this the entire story, we would have two choices: either dismiss the appeal as premature in the absence of a ruling on the merits of the motion, or review the trial court's ruling that Aguilar's presence at the hearing is a jurisdictional requirement. We decline to do either, however, because either would be futile. As we explain below, even with jurisdiction to hear the merits of Aguilar's motion, the trial court would lack discretion to grant the requested relief.

## B. All Potential Remedies Are Foreclosed To Aguilar

### 1. Three potential remedies

A noncitizen who has been convicted of a felony based on a plea of guilty or nolo contendre,[9] but who claims that he was not advised on the immigration consequences of his or her plea, has three possible remedies. (1) He or she can appeal from the judgment, pursuant to section 1237, if the record reflects the facts on which the claim is based. (2) He or she can bring a statutory motion to vacate the judgment, under section 1016.5, which requires the trial court to advise the pleading noncitizen felony defendant of the

---

[8] The court had ordered Aguilar's removal from ICE confinement for at least one hearing, however the record contains no indication of compliance by the federal confinement facility.

[9] A plea of nolo contendre to a felony is the same as a plea of guilty. (§ 1016, plea 3.)

potential immigration consequences of his plea, and requires that the plea be set aside if it fails to do so. (3) He or she may petition for a writ of habeas corpus raising the issue of ineffective assistance of counsel, under theories approved in *Strickland v. Washington* (1984) 466 U.S. 668, 687–688, and *In re Resendiz* (2001) 25 Cal.4th 230. (*People v. Kim*, *supra*, 45 Cal.4th at p. 1094.) These are the only potentially available remedies. A writ of error *coram nobis*, based on a claim of ineffective assistance of counsel for failure to advise the defendant of the immigration consequences of his or her plea, cannot be used to challenge a conviction or withdraw the plea.

We explain below why these potential remedies are necessarily foreclosed to Aguilar.

### 2. Aguilar is not entitled to habeas corpus relief.

In *People v. Villa*, *supra*, 45 Cal.4th 1063, the defendant, a lawful resident noncitizen, was facing removal from the United States as a result of a 1989 felony conviction for which he had completed a three-year probation sentence. The Supreme Court held that although he was in federal custody, because "Villa is in neither actual nor constructive state custody as a result of his 1989 conviction," he was ineligible as a matter of law for habeas corpus relief. (*Id.* at pp. 1066, 1077.)

The same reason leads to the same result here. As Aguilar concedes,[10] he has fully served his sentence arising from his 2005 felony conviction, and he therefore is in neither actual nor constructive California custody as a result of that conviction. He therefore is ineligible as a matter of law for habeas corpus relief.

### 3. Aguilar is not entitled to *coram nobis* relief.

In *People v. Kim*, *supra*, the California Supreme Court reviewed a case involving a criminal defendant in much the same position as Aguilar. The defendant had moved to set aside a conviction and guilty plea that threatened him with mandatory deportation, based in part on a claim that his trial counsel had rendered ineffective assistance by

---

[10] At the trial court hearing Aguilar's counsel acknowledged that his motion "can't be [for habeas corpus relief] under People versus Villas" because "[h]e's not in state restraint."

failing to adequately investigate and advise him of the immigration consequences of his plea and conviction, and failing to try to get an equivalent nondeportable conviction instead. (*People v. Kim*, *supra*, 45 Cal.4th at p. 1089.) The remedy he sought for this predicament was a writ of error *coram nobis*.

The Supreme Court explained in *People v. Kim* that the modern writ of *coram nobis* is a nonstatutory remedy, with three requirements: The petitioner must show: (1) that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial, and which if presented would have prevented the rendition of the judgment; (2) that the newly discovered evidence does not go to the merits of issues tried (because issues of fact, once adjudicated, cannot be reopened except on motion for new trial); and (3) that the facts on which he relies were not known to him and could not reasonably have been discovered substantially before his motion for the writ. (*Id.* at p. 1093, citing *People v. Shipman* (1965) 62 Cal.2d 226, 230, and *People v. McElwee* (2005) 128 Cal.App.4th 1348, 1352.) The court reaffirmed the longstanding rules that the *coram nobis* remedy "'does not lie to enable the court to correct errors of law,'" and that it is not available where the defendant failed to use other available remedies to challenge the conviction, such as an appeal or a motion for a new trial. "'The writ of error *coram nobis* serves a limited and useful purpose. It will be used to correct errors of fact which could not be corrected in any other manner. But . . . where other and adequate remedies exist the writ is not available.'" (*People v. Kim*, *supra*, 45 Cal.4th at pp. 1093, 1094.)

Most notably for our purposes, in *People v. Kim* the Supreme Court held that the supposed new facts on which the defendant based his motion for *coram nobis* relief cannot—as a matter of law—satisfy the requirement for facts that, if presented at trial, would have prevented the rendition of the judgment. The new facts alleged in that case— that the defendant's counsel had not fully advised him of the consequences of his plea— involve only "the legal effect of his guilty plea and thus are not grounds for relief on

coram nobis."[11]  "New facts that would merely have affected the willingness of a litigant to enter a plea, or would have encouraged or convinced him or her to make different strategic choices or seek a different disposition, are not facts that would have prevented rendition of the judgment."  (*People v. Kim*, *supra*, 45 Cal.4th at p. 1103.)

The facts on which Aguilar bases his claim in this case are equally insufficient to satisfy the minimum legal requirements for a writ of error *coram nobis*.  Aguilar alleged that his counsel had failed to adequately advise him concerning the immigration consequences of his plea, and that he would not have entered that plea if he had been aware of its potential consequences.  Just as in *People v. Kim*, these alleged new facts (assuming Aguilar's ability to establish their truth) involve only "the legal effect of his guilty plea"; if they had been known at the time of his plea, they would merely have affected his willingness to enter the plea, "or would have encouraged or convinced him . . . to make different strategic choices or seek a different disposition"; they therefore "are not facts that would have prevented rendition of the judgment" and are not grounds for *coram nobis* relief.  (*Id.* at pp. 1102-1103.)[12]

---

[11] The cited authority supports this rule.  (*People v. Banks* (1959) 53 Cal.2d 370, 378 [*coram nobis* is unavailable where a defendant with knowledge of the facts, pleads guilty because of ignorance as to the legal effect of those facts]; *People v. McElwee*, *supra*, 128 Cal.App.4th at p. 1352 [defendant's belief at the time of his plea that he would serve only 15 years in prison "was not a mistake of fact but one of law"]; *People v. Ibanez* (1999) 76 Cal.App.4th 537, 546 [Defendant's ignorance regarding the potential consequences of his plea is a legal, not a factual, question.].)

[12] At the trial court hearing Aguilar's counsel acknowledged that the decision in *People v. Kim* foreclosed any relief by writ of error *coram nobis*:  "It's not a coram nobis. We can't do that under People versus Kim."  However, the document by which Aguilar sought appellate review in this court is apparently an effort to raise all potential statutory (§§ 1016.5, 1473) and nonstatutory (*coram nobis*) grounds, entitled, "Appeal Brief: In Support Of Plea Pursuant To P.C. 1016.5; Padilla v. Kentucky, 559 U.S. (2010) In Support Of: Petition For Habeas Corpus Due To Ineffective Assistance Of Counsel [PC §1385]."

### 4. Aguilar is not entitled to relief under section 1016.5.

Until the 1977 enactment of section 1016.5, a post-conviction motion to set aside a guilty plea was treated as an application for a writ of error *coram nobis*. (*People v. Grgurevich* (1957) 153 Cal.App.2d 806.) Section 1016.5 provides a narrow exception to the rule that *coram nobis* cannot be used to remedy a noncitizen defendant's failure to obtain advice about the immigration consequences of his or her plea.

Section 1016.5 requires that before a court accepts a plea of guilty or no contest, it must advise the defendant that if he or she is not a citizen, the conviction "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization." (§ 1016.5, subd. (a).) It further provides that if "the court fails to advise the defendant as required" by that section and the defendant shows that the conviction may have adverse immigration consequences, the court must grant a motion to vacate the judgment and allow the defendant to withdraw the plea. (§ 1016.5, subd. (b).) To obtain that relief, a defendant must demonstrate that (1) the court failed to advise the defendant of the immigration consequences as provided by section 1016.5, (2) as a consequence of conviction, the defendant actually faces one or more of the statutorily specified immigration consequences, and (3) the defendant was prejudiced by the court's failure to provide complete advisements. (*People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 199–200; *People v. Totari* (2002) 28 Cal.4th 876, 884.)

It is very likely that Aguilar's motion claimed primarily that his own counsel failed to advise him of the immigration consequences of his plea, rather than that the trial court failed to do so, because the record affirmatively indicates that the court gave the advice required by section 1016.5. According to the court's minute order for the hearing at which Aguilar's nolo contendre plea was entered, the court advised him of the possible consequences of a plea of guilty or nolo contendre: "If you are not a citizen, you are hereby advised that a conviction of the offense for which you have been charged will have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

10

Section 1016.5 addresses only the duty of trial courts to advise the defendant of the immigration consequences of the plea, and it empowers the court to vacate a conviction and set aside a plea only for the *court's* failure to fulfill that duty. It does not address any duty that defense counsel may have to provide such advice, nor does it empower the court to vacate a conviction or set aside a plea for counsel's failure to fulfill his or her duty in that regard. For that reason, section 1016.5 does not provide the trial court with jurisdiction to address a claim that a defendant was deprived of the effective assistance of counsel by counsel's failure to fully advise him or her of the immigration consequences of a guilty plea. (*People v. Chien* (2008) 159 Cal.App.4th 1283, 1288.) "We find no basis to conclude that the statute grants the trial court broad authority to vacate a conviction based on any error or deficiency of counsel related to advisement of adverse immigration consequences." (*Id.* at p. 1290.)

5. **Aguilar is not entitled to relief under a nonstatutory motion for ineffective assistance of counsel.**

The fact that Aguilar's motion does not entitle him to relief under section 1016.5 does not end the inquiry. The duties that defense counsel owes to a noncitizen criminal defendant client may be shown to involve providing his or her client with counsel's own advice as to the consequences of a plea, even when the court has provided the advice required by section 1016.5. (*In re Resendiz*, *supra*, 25 Cal.4th 230.) The California Supreme Court held in that case that a defendant can pursue a claim for relief for ineffective assistance of counsel, based on counsel's misadvice regarding immigration consequences, notwithstanding that the trial court had properly advised the defendant under section 1016.5. (*Id.* at pp. 240–242.) "[T]hat a defendant may have received valid section 1016.5 advisements from the court does not entail that he has received effective assistance of counsel in evaluating or responding to such advisements." (*Id.* at p. 241.)[13] Constitutionally adequate assistance "'must be determined by a standard bottomed on the

---

[13] The court expressly did not consider or address whether "a mere failure to advise could also constitute ineffective assistance." (*People v. Resendiz*, *supra*, 25 Cal.4th at p. 240.)

11

Sixth Amendment of the United States Constitution and article I, section 15 of the California Constitution.'" (*Id.* at p. 244.) Therefore "[i]n any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." (*Strickland v. Washington*, *supra*, 466 U.S. at p. 688.)[14]

But the fact that Aguilar may be entitled to use any available remedy to seek relief from what he claims was ineffective assistance of counsel does not mean that any particular remedy is available to him for that purpose. In the *In re Resendiz* case the court held that the petitioner's claim of ineffective assistance of counsel was not foreclosed by the fact that the trial court had properly advised the defendant under section 1016.5. Even though a remedy under section 1016.5 was foreclosed by the court's compliance with it, the petitioner could pursue his remedy under habeas corpus. And although the court had no occasion to discuss other potential remedies, its conclusion plainly would apply also to any other available remedy. By the same token, however, neither *In re Resendiz* nor any other case of which we are aware purports to hold that any particular remedy (such as habeas corpus, or section 1016.5) is available to a petitioner, if that remedy is foreclosed by other legal principles or facts.

Aguilar's motion in the trial court sought to raise his claim that he was denied the effective assistance of counsel, using what he characterized as a "post conviction nonstatutory motion," as authorized by the United States Supreme Court in *Padilla v. Kentucky* (2010) 559 U.S. 356 [130 S.Ct. 1473, 176 L.Ed.2d 284], and supporting California decisions. But a nonstatutory motion to vacate a plea is the legal equivalent of a petition for a writ of error *coram nobis*; the terms are interchangeable. (*People v. Kim*,

---

[14] Aguilar does not concede (and in some places denies) that the trial court properly advised him of the immigration consequences of his plea in 2005. But whether the court did or did not provide the advice required by section 1016.5 in 2005 is a matter that would be before the trial court in a hearing on the merits of Aguilar's motion; it is not determinative here, where the issue is whether such a hearing is required.

12

*supra*, 45 Cal.4th at p. 1096; *People v. Shipman*, *supra*, 62 Cal.2d at p. 229, fn. 2.)[15] And *coram nobis* provides Aguilar with no remedy based on the circumstances he alleges.

As discussed above, the facts that Aguilar alleges—that if he had been adequately advised by his trial counsel as to the immigration consequences he would not have entered the plea—were facts that would have affected his willingness to enter the plea, and would have encouraged or convinced him to make different strategic choices or to seek a different disposition—but they "are not facts that would have prevented rendition of the judgment." (*People v. Kim*, *supra*, 45 Cal.4th at p. 1103.)  Moreover, the result he alleges—his entry of a plea resulting from his alleged ignorance of its immigration consequences—is not a mistake of fact on his part; rather it is a mistake of law—for which *coram nobis* relief is not available.  (*Id.* at p. 1095.)

Neither *Padilla v. Kentucky* nor the California decisions on which he relies support his argument that an unlabelled nonstatutory motion affords him a remedy when, as here, relief by way of *coram nobis* is foreclosed as a matter of law, and the other remedies through which he might have obtained relief are no longer available.[16]  In *Padilla v. Kentucky*, *supra*, 559 U.S. 356, the United States Supreme Court held that a claim of ineffective assistance of counsel may be based upon misadvising or failing to advise the defendant regarding possible immigration consequences of a plea.  (*Id.* at pp.

---

[15] This is apparently what the trial court was getting at when it asked counsel to identify the post conviction nonstatutory motion on which Aguilar's claim is based. Counsel's response was that it was not *coram nobis* (because *coram nobis* relief was admittedly unavailable), but was a nonstatutory motion based on the constitution.  But that contradicts the cited rule, that a nonstatutory motion to vacate a plea is the legal equivalent of a petition for a writ of error *coram nobis*.  (*People v. Kim*, *supra*, 45 Cal.4th at p. 1096.)

[16] Aguilar relies most heavily on *People v. Soriano* (1987) 194 Cal.App.3d 1470, in which the defendant was seeking relief on grounds similar to those raised by Aguilar in this case.  But *People v. Soriano* lends Aguilar no support.  It did not address the availability of a nonstatutory motion other than a motion for *coram nobis* relief, which was unavailable, and held instead that the appropriate means to raise the claim of ineffective assistance of counsel is either by direct appeal or by petition for a writ of habeas corpus.  (*Id*. at pp. 1477, 1482.)

364-368.) But it did not hold that such a claim may be brought long after his right to pursue available remedies have lapsed.[17] The writ of error *coram nobis*—and therefore the equivalent nonstatutory motion to set aside a plea—"serves a limited and useful purpose. It will be used to correct errors of fact which could not be corrected in any other manner. But it is well-settled law in this and in other states that where other and adequate remedies exist the writ is not available." (*People v. Kim*, *supra*, 45 Cal.4th at p. 1094.)

Aguilar's motion—and his predicament—very closely tracks that reported in *People v. Shokur* (2012) 205 Cal.App.4th 1398 (*Shokur*). In that case, as here, the defendant brought a nonstatutory motion to set aside his felony conviction in order to avoid mandatory deportation, based on his claim that his counsel had been ineffective for failing to advise him of the immigration consequences of his guilty plea.[18] In that case, as here, his counsel conceded that he did not qualify for habeas corpus relief, because his sentence had been served and he was no longer in state custody. (*People v. Villa*, *supra*, 45 Cal.4th 1063.) And he recognized that under the authority of *People v. Kim*, *supra*, 45 Cal.4th 1078, relief could not be granted in the form of a writ of error *coram nobis*. (*Shokur*, *supra*, 205 Cal.App.4th at p. 1403.)

As here, the defendant in *Shokur* filed a "non-statutory motion to vacate conviction" in the trial court, contending that a nonstatutory motion to set aside the conviction is the proper vehicle by which to challenge his conviction on ineffective assistance of counsel grounds. (205 Cal.App.4th at p. 1404.) The court in that case reached the conclusion that we find is compelled here: "The cases relied upon do not,

---

[17] The claim in *Padilla v. Kentucky* was made in a "postconviction proceeding." (*Id.* at p. 359.) However the opinion did not indicate whether the proceeding was a motion for new trial, a writ proceeding, or a motion similar to California's statutory motion under section 1016.5, nor did it note either the date of conviction or the date of the motion, or the motion's timeliness or proof requirements. (*Padilla v. Kentucky*, *supra*, 559 U.S. 356.)

[18] In *Shokur*, as here, the record indicated that at the time of his guilty plea the court had advised the defendant of the immigration consequences of his plea. (*Shokur*, *supra*, 205 Cal.App.4th at p. 1401.)

14

however, compel the conclusion that the trial court retains jurisdiction to vacate its long-since final judgment when the state provides the means for challenging the judgment and the time limits in which the various remedies must be exercised have expired. In other words, a nonstatutory motion is not an all-encompassing safety net that renders all other remedies redundant and their respective time restrictions meaningless." (*Ibid*.) Contrary to defendant Padilla's (and Aguilar's) interpretation of the *Padilla v. Kentucky* decision, it does not require states to provide an avenue for noncitizens to challenge their convictions for having received erroneous immigration advice when all available remedies have lapsed and no other remedy remains available. (*Id.* at p. 1405.)[19]

Aguilar did not raise his ineffective assistance of counsel claim by motion for new trial, on appeal, or by motion to set aside the plea pursuant to sections 1018 or 1016.5. He did not raise it by habeas corpus (§ 1473) during his probation, before his actual and constructive custody had ended. And the facts on which his ineffective assistance claim is based disqualify him for *coram nobis* relief. "Having failed to pursue any of the remedies provided by law, defendant may not now, years later, obtain relief via a nonstatutory motion to vacate the judgment." (*Shokur*, *supra*, 205 Cal.App.4th at pp. 1406-1407.)

### Conclusion and Disposition

""""The maxim, 'for every wrong there is a remedy' (Civ. Code, [§] 3523) is not to be regarded as affording a second remedy to a party who has lost the remedy provided by law through failing to invoke it in time—even though such failure accrued without fault or negligence on his part." [Citations.]' (*People v. Kim*, *supra*, 45 Cal.4th at p. 1099.)"

---

[19] Section 12020 punished the possession of short-barreled shotguns and rifles as a wobbler. (*In re Jorge M.* (2000) 23 Cal.4th 866, 875.) The record in this proceeding is not sufficient to determine Aguilar's eligibility for relief under section 17, subdivision (b), permitting reduction of his conviction to a misdemeanor, pursuant to section 1203.4, subdivision (a), which authorizes trial courts to permit a defendant who has fulfilled the conditions of his probation "to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty," or under section 1385, which permits a court to order an action's dismissal in the furtherance of justice.

(*Shokur*, *supra*, 205 Cal.App.4th at pp. 1406-1407.)  The superior court did not err in denying defendant's motion for want of jurisdiction.

The order denying defendant's motion to vacate his August 12, 2005 conviction in Los Angeles Superior Court Case No. BA284522 is affirmed.

TO BE PUBLISHED.


CHANEY, J.


We concur:


ROTHSCHILD, Acting P. J.


JOHNSON, J.

16