Filed 9/16/14  P. v. Ordonez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B248483 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA006975) |
| v. | |
| LUIS ORDONEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Gregory A. Dohi, Judge.  Affirmed.

Law Office of Eduardo A. Paredes and Eduardo A. Paredes for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Luis Ordonez (Ordonez) appeals from the denial of his statutory and nonstatutory motions to vacate his guilty plea to the charge of attempted second degree robbery (Pen. Code, §§ 211, 664).[1] We find no error and affirm.

## FACTS

In 1991, Ordonez was charged with second degree robbery. After the prosecutor amended the information to add a second count for attempted second degree robbery, Ordonez pleaded guilty to that count. The trial court sentenced him to 132 days in jail and three years probation.

On February 4, 2013, Ordonez filed a motion to vacate his plea on the grounds that he was not given the mandatory advisement under section 1016.5, subdivision (a) that his plea might have adverse immigration consequences. He offered no evidence to support his claim that he was not advised by the trial court. Rather, he claimed that because he could not obtain a reporter's transcript of the plea hearing, there was no evidence to the contrary. To prove the unavailability of a reporter's transcript, he provided a letter from the superior court stating that the court reporter's notes had been destroyed. In the alternative, Ordonez made a nonstatutory motion to vacate his plea based on ineffective assistance of counsel, citing *Padilla v. Kentucky* (2010) 559 U.S. 356 (*Padilla*). He claimed, at least impliedly, that his attorney failed to inform him that a conviction of a crime of moral turpitude within five years of his admission to the United States in 1987 would make him removable under the Immigration and Nationality Act.

At the hearing on the motion, the trial court indicated that it had the transcript from the June 25, 1991, hearing at which Ordonez entered his plea, and the transcript showed that Ordonez received the proper advisements. The trial court showed the transcript to defense counsel, who had no objection. Afterwards, the trial court stated, "Since the proper advisements were given, a [section] 1016.5 motion doesn't lie." Continuing on, the trial court rejected the nonstatutory motion based on *Padilla* on the grounds that it was not permissible, adding, "The sad fact of the matter is there really is

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

no basis, no nonstatutory motion, no coram nobis writ, no habeas writ relief that I can give." The motion was denied.

This timely appeal followed.

## STANDARD OF REVIEW

We review a trial court's denial of a motion to withdraw a plea pursuant to section 1016.5 for an abuse of discretion. (*People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 192.) Whether a particular withdraw plea remedy is available to a criminal defendant is a question of law that is subject to our independent review. (*People v. Eubanks* (2001) 53 Cal.4th 110, 133.)

## DISCUSSION

### I. The Remedies Available to a Noncitizen Who Enters a Plea Without Being Advised of the Immigration Consequences.

If a noncitizen pleads guilty or no contest without being advised of the immigration consequences, and judgment is then entered against the noncitizen, there are "three possible remedies. (1) He or she can appeal from the judgment, pursuant to section 1237, if the record reflects the facts on which the claim is based. (2) He or she can bring a statutory motion to vacate the judgment, under section 1016.5, which requires the trial court to advise the pleading noncitizen felony defendant of the potential immigration consequences of his plea, and requires that the plea be set aside if it fails to do so. (3) He or she may petition for a writ of habeas corpus raising the issue of ineffective assistance of counsel, under theories approved in *Strickland v. Washington* (1984) 466 U.S. 668, 687–688 . . . , and *In re Resendiz* (2001) 25 Cal.4th 230 . . . . [Citation.] These are the only potentially available remedies. A writ of error *coram nobis*, based on a claim of ineffective assistance of counsel for failure to advise the defendant of the immigration consequences of his or her plea, cannot be used to

3

challenge a conviction or withdraw the plea." (*People v. Aguilar* (2014) 227 Cal.App.4th 60, 68 (*Aguilar*).)[2]

Relief pursuant to a writ of habeas corpus is available only when a defendant is in actual or constructive California custody as a result of the conviction. (*Aguilar*, *supra*, 227 Cal.App.4th at p. 68.)

## II. The Statutory Motion.

Ordonez argues that his statutory motion should have been granted because he was not given the section 1016.5, subdivision (a) advisement.

This argument lacks merit.

A defendant considering a guilty plea must be told the following: "If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." (§ 1016.5, subd. (a).)

"If . . . the court fails to advise the defendant . . . and the defendant shows that conviction of the offense to which defendant pleaded guilty . . . may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty. . . . Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement." (§ 1016.5, subd. (b).)

The trial court found that Ordonez was given the section 1016.5, subdivision (a) advisement. Ordonez does not expressly dispute this finding. Assuming he impliedly

---

[2]    Section 1018 provides in part: "On application of the defendant at any time before judgment or within six months after an order granting probation is made if entry of judgment is suspended, the court may, and in case of a defendant who appeared without counsel at the time of the plea the court must, for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." This remedy does not apply after judgment is imposed.

4

disputes this finding, the record is inadequate for review because it does not contain the transcript relied upon by the trial court. (*Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9.) As a consequence, there is no showing that the trial court abused its discretion.

To the degree that Ordonez suggests that the trial court should have granted the statutory motion based on ineffective assistance of counsel, we reject it.

As the *Aguilar* court explained: "Section 1016.5 addresses only the duty of trial courts to advise the defendant of the immigration consequences of the plea, and it empowers the court to vacate a conviction and set aside a plea only for the *court's* failure to fulfill that duty. It does not address any duty that defense counsel may have to provide such advice, nor does it empower the court to vacate a conviction or set aside a plea for counsel's failure to fulfill his or her duty in that regard. For that reason, section 1016.5 does not provide the trial court with jurisdiction to address a claim that a defendant was deprived of the effective assistance of counsel by counsel's failure to fully advise him or her of the immigration consequences of a guilty plea. [Citation.]" (*Aguilar*, *supra*, 227 Cal.App.4th at p. 71.)

Beyond the foregoing, we note that Ordonez submitted a declaration in connection with his statutory and nonstatutory motions, but he did not state that his attorney failed to advise him of the immigration consequences of entering a plea. Thus, his ineffective assistance of counsel claim lacked proof.

## III. The Nonstatutory Motion.

Based on *Padilla*, Ordonez contends that his nonstatutory motion to withdraw his plea should have been granted. The *Padilla* court held that a defendant is entitled to effective assistance of counsel before deciding whether to enter a guilty plea. (*Padilla*, *supra*, 559 U.S. at p. 364.) In situations where the immigration consequences of a plea are clear, counsel must give correct advice. If, however, "the law is not succinct and straightforward . . . , a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." (*Id*. at p. 369.) *Padilla* is not retroactive to any case that was final prior

5

to March 31, 2010, the date *Padilla* was decided. (*Chaidez v. United States* (2013) 2013 U.S. LEXIS 1613, ***5.)

The trial court properly denied Ordonez's nonstatutory motion for a variety of reasons. First, "[a] motion to vacate the judgment is recognized as equivalent to a petition for the common law remedy of a writ of error *coram nobis*. [Citations.]" (*People v. Mbaabu* (2013) 213 Cal.App.4th 1139, 1146.) "Because the writ of error *coram nobis* applies where a fact unknown to the parties and the court existed at the time of judgment that, if known, would have prevented rendition of the judgment, the remedy does not lie to enable the court to correct errors of law. [Citation.] This includes constitutional claims, such as a claim that counsel was ineffective in failing to admonish a defendant of the immigration consequences of his conviction. [Citation.]" (*Id*. at p. 1147.) Second, Ordonez was convicted in 1991, and the *Padilla* rule is not retroactive. Third, *People v. Soriano* (1987) 194 Cal.App.3d 1470, 1477–1482 (*Soriano*), relied upon by Ordonez to fill the nonretroactivity gap of *Padilla*, does not require an attorney to provide immigration advice in the first instance. It merely requires an attorney to give proper immigration advice if such advice is offered. (*People v. Reed* (1998) 62 Cal.App.4th 593, 602 [explaining that *Soriano* is not apposite in a case involving "a defense counsel's complete failure to tell the defendant about a particular plea effect"].) Fourth, there is no evidence in Ordonez's motion that his attorney failed to advise him of the immigration consequences of his plea. Fifth, ineffective assistance of counsel claims must be pursued in connection with a petition for writ of habeas corpus, which Ordonez did not do. Even if we construed his motion as a petition for writ of habeas corpus, relief was not available because he was no longer in California custody with respect to the 1991 conviction based on his plea.

6

## DISPOSITION

The order denying Ordonez's statutory and nonstatutory motions to withdraw his plea is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
                ASHMANN-GERST


We concur:


_____, P. J.
       BOREN


_____, J.[*]
       FERNS

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.