Filed 1/21/15  P. v. Martinez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FEDERICO MARTINEZ,<br><br>    Defendant and Appellant. | B254314<br><br>(Los Angeles County<br>Super. Ct. No. NA053737) |


APPEAL from an order of the Superior Court of Los Angeles County, Gary J. Ferrari, Judge.  Affirmed.


Karlin & Karlin and Marc A. Karlin for Defendant and Appellant.


Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Timothy M. Weiner, Deputy Attorneys General, for Plaintiff and Respondent.


* * * * * *

In 2002, appellant Frederico Martinez, a Mexican citizen, pled no contest to one count of forgery (Pen. Code, § 470, subd. (d))[1] and was sentenced to three years' formal probation, as well as 180 days in county jail. During his plea, the prosecutor informed him at the court's direction that if he was not a United States citizen, his no contest plea "will result in your deportation, exclusion from admission to the United States or denial of naturalization as a citizen." Appellant stated he understood those immigration consequences and stated he wanted to go forward with his plea. After his probation was revoked and reinstated twice, his probation expired on December 11, 2006.

Now seeking legal status in the United States, on October 29, 2013, appellant filed a "nonstatutory" motion to vacate his plea based on ineffective assistance of counsel pursuant to *Padilla v. Kentucky* (2010) 559 U.S. 356 (*Padilla*), in which the United States Supreme Court held that a claim for ineffective assistance of counsel may be based upon misadvising or failing to advise a defendant regarding possible immigration consequences of a plea. (See *People v. Aguilar* (2014) 227 Cal.App.4th 60, 74 (*Aguilar*).) The trial court denied the motion "without prejudice," allowing appellant to bring the motion again if there was "some change in circumstances" or if appellant wanted to renew it on "different grounds." Although not entirely clear, the trial court appeared to reason that *Padilla* did not apply to appellant's plea entered in 2002.[2] Appellant timely appealed. We affirm the order denying the motion, but for a different reason: the relief appellant seeks is procedurally unavailable.[3]

---

[1]    All undesignated statutory citations are to the Penal Code unless otherwise noted.

[2]    The United States Supreme Court has held *Padilla* does not apply to defendants whose convictions became final before *Padilla* was decided. (*Chaidez v. United States* (2013) __ U.S. __, __ [133 S.Ct. 1103, 1113].)

[3]    We may affirm the trial court on any basis in the record. (*People v. Mbaabu* (2013) 213 Cal.App.4th 1139, 1148, fn. 4.) Respondent briefed the procedural flaws of appellant's motion and appellant failed to file a reply brief. Because appellant had the opportunity to brief the issues, we find it appropriate to address them.

On appeal, appellant acknowledges his motion is "nonstatutory," and he equates it with a petition for a writ of error *coram nobis*. He also cites the trial court's "inherent authority to find a remedy for a constitutional violation even if no statute provides one." The court in *Aguilar* addressed precisely the same factual scenario and found all potential procedural avenues for relief foreclosed. We agree.

The defendant in *Aguilar* pled nolo contendere in 2005, and, after he was no longer in state custody and his probation had expired, he brought a petition to vacate his conviction in 2013 based on his counsel's ineffective assistance in failing to advise him of immigration consequences flowing from his conviction. (*Aguilar, supra*, 227 Cal.App.4th at pp. 64-65.) As the court explained, "[a] noncitizen who has been convicted of a felony based on a plea of guilty or nolo contendere, but who claims that he was not advised on the immigration consequences of his or her plea, has three possible remedies. (1) He or she can appeal from the judgment, pursuant to section 1237, if the record reflects the facts on which the claim is based. (2) He or she can bring a statutory motion to vacate the judgment, under section 1016.5, which requires the trial court to advise the pleading noncitizen felony defendant of the potential immigration consequences of his plea, and requires that the plea be set aside if it fails to do so. (3) He or she may petition for a writ of habeas corpus raising the issue of ineffective assistance of counsel . . . . These are the only potentially available remedies. A writ of error *coram nobis*, based on a claim of ineffective assistance of counsel for failure to advise the defendant of the immigration consequences of his or her plea, cannot be used to challenge a conviction or withdraw the plea." (*Id.* at p. 68, citations & fn. omitted.)

Turning to the facts in the case, the court held none of these potential remedies was available to the defendant. First, citing *People v. Villa* (2009) 45 Cal.4th 1063 (*Villa*), the court held a writ of habeas corpus was unavailable because the defendant was in neither actual nor constructive state custody. (*Aguilar, supra*, 227 Cal.App.4th at p. 68.)

Second, citing *Villa*'s companion case of *People v. Kim* (2009) 45 Cal.4th 1078 (*Kim*), the court held a writ of error *coram nobis* was unavailable. In *Kim*, the defendant

3

sought to set aside his conviction by way of a writ of error *coram nobis*, arguing his counsel was ineffective for failing to adequately investigate and advise him of the immigration consequences of his plea. The Supreme Court explained a writ of error *coram nobis* requires a showing that "some fact existed which, without any fault or negligence on [the petitioner's] part, was not presented to the court at the trial, and which if presented would have prevented the rendition of the judgment." (*Aguilar, supra*, 227 Cal.App.4th at p. 69.) The Supreme Court held the supposed "new facts" that the defendant's counsel failed to advise him of immigration consequences "involve only 'the legal effect of his guilty plea and thus are not grounds for relief on coram nobis.'" (*Ibid.*) The court in *Aguilar* found the defendant's claim "equally insufficient," so a writ of error *coram nobis* was foreclosed. (*Id.* at p. 70.)

Third, the court found section 1016.5 did not apply. That provision "requires that before a court accepts a plea of guilty or no contest, it must advise the defendant that if he or she is not a citizen, the conviction 'may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization.' (§ 1016.5, subd. (a).) It further provides that if 'the court fails to advise the defendant as required' by that section and the defendant shows that the conviction may have adverse immigration consequences, the court must grant a motion to vacate the judgment and allow the defendant to withdraw the plea. (§ 1016.5, subd. (b).)" (*Aguilar, supra*, 227 Cal.App.4th at pp. 70-71.) Because the record in *Aguilar* reflected the trial court advised the defendant of the possible immigration consequences of his plea, a section 1016.5 motion was foreclosed. (*Aguilar*, at p. 71.)

Finally, the court rejected the defendant's argument that he could bring a "nonstatutory" motion to set aside his conviction apart from these procedural vehicles. The court noted a "nonstatutory" motion is the legal equivalent of a petition for a writ of error *coram nobis*, and that petition is unavailable pursuant to *Kim*. (*Aguilar, supra*, 227 Cal.App.4th at pp. 73-74.) The court also cited *People v. Shokur* (2012) 205 Cal.App.4th 1398 (*Shokur*), in which the court rejected the defendant's argument that the trial court has "inherent authority" to hear a nonstatutory motion to vacate a plea based on the

failure to advise of immigration consequences when all other relief is foreclosed. (*Id.* at p. 1404.) "The cases relied upon do not, however, compel the conclusion that the trial court retains jurisdiction to vacate its long-since final judgment when the state provides the means for challenging the judgment and the time limits in which the various remedies must be exercised have expired. In other words, a nonstatutory motion is not an all-encompassing safety net that renders all other remedies redundant and their respective time restrictions meaningless." (*Ibid.*; see *Aguilar, supra*, at p. 74.)

Here, appellant is similarly without a remedy. The time to move to withdraw his plea or appeal his conviction has long since expired. (§§ 1018, 1237; Cal. Rules of Court, rule 8.308(a).) A writ of habeas corpus is unavailable because he is no longer in actual or constructive state custody, given his probation expired in 2005. A writ of error *coram nobis* is foreclosed because, as in *Aguilar* and *Kim*, his motion involves "only 'the legal effect of his guilty plea and thus [is] not grounds for relief on coram nobis.'" (*Aguilar, supra*, 227 Cal.App.4th at p. 69.) He may not bring a section 1016.5 motion because the record is clear the prosecutor advised him of the immigration consequences of his plea at the direction of the trial court.

Finally, like *Aguilar* and *Shokur*, we are unwilling to find the trial court has "inherent authority" to entertain appellant's motion because "a nonstatutory motion is not an all-encompassing safety net that renders all other remedies redundant and their respective time restrictions meaningless." (*Shokur, supra*, 205 Cal.App.4th at p. 1404; see *Aguilar, supra*, 227 Cal.App.4th at p. 74.) Appellant cites *Murgia v. Municipal Court* (1975) 15 Cal.3d 286 and *People v. Fosselman* (1983) 33 Cal.3d 572 as authority for such a motion, but as the court in *Shokur* explained, both cases addressed the trial court's jurisdiction to address issues arising in *pending* cases. Neither case "stand[s] for the proposition that the trial court retains jurisdiction for all time to consider belated constitutional challenges to a long since-final judgment." (*Shokur, supra*, at p. 1406.)[4]

---

[4]     Appellant also cites *In re Sheena K.* (2007) 40 Cal.4th 875, but that case addressed the application of the forfeiture rule to a constitutional challenge to a minor's probation

5

We realize this may be a harsh result, but as our high court has noted, "'The maxim, "for every wrong there is a remedy" [citation] is not to be regarded as affording a second remedy to a party who has lost the remedy provided by law through failing to invoke it in time—even though such failure accrued without fault or negligence on his part.'" (*Kim, supra*, 45 Cal.4th at p. 1099; see *Aguilar, supra*, 227 Cal.App.4th at p. 75 [quoting same]; *Shokur, supra*, 205 Cal.App.4th at pp. 1406-1407 [same].)

## DISPOSITION

The trial court's order denying appellant's motion to set aside his conviction is affirmed.

FLIER, J.

WE CONCUR:

BIGELOW, P. J.

GRIMES, J.

---

condition, among other issues. It did not address, let alone endorse, the trial court's inherent authority to grant appellant's request to set aside his conviction long after it became final.