Filed 2/18/16  P. v. Segura CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SALVADOR HIGAREDA SEGURA,<br><br>    Defendant and Appellant. | F070070<br><br>(Super. Ct. No. MCR030664)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Madera County.  Dale J. Blea, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Kane, J. and Smith, J.

Appellant Salvador Higareda Segura appeals from the trial court's denial in case No. MCR030664 of his motion "to vacate on constitutional grounds" and "reopen case under California Penal Code section 1016.5."[1]  We affirm.

## FACTS

On March 28, 2008, Segura pled no contest to stalking (§ 646.9, subd. (a)) and admitted an on-bail enhancement (§ 12022.1) in case No. MCR030664 as a part of a plea bargain, pursuant to which he pled to charges in two other cases and admitted violating his probation in a fourth case, in exchange for a stipulated term of six years.

Prior to entering his plea, Segura signed a change of plea form and he placed his initials next to the following statement on the form:

> "My attorney has explained the possible penalties and consequences of the plea(s) of GUILTY to be … if not a citizen, my plea may have the consequence of my deportation, exclusion from admission to the United States or denial of naturalization pursuant to the laws of the United States."

During the plea colloquy, Segura acknowledged that the form had been translated to him, that he initialed it, and that he understood its contents.  Additionally, the following exchange occurred:

> "THE COURT:  Do you understand if you're not a citizen of the United States, you should assume that your plea will result in your deportation, exclusion from admission to the United States, and denial of naturalization under the laws of the United States?
>
> "THE DEFENDANT:  Yes sir."

On May 1, 2008, the court sentenced Segura to the stipulated six-year term as follows:  the middle term of two years on Segura's stalking conviction, an eight-month term on each of three remaining convictions, and a two-year term on the on-bail enhancement.

---

[1]     All further statutory references are to the Penal Code.

2

On July 10, 2014, in case No. MCR30664, Segura filed a pro se motion titled, "Nonstatutory Motion to Vacate on Constitutional Grounds[;] Motion to Reopen Case Under … Section 1016.5." (Unnecessary capitalization omitted.) In the moving papers, Segura contended he was denied the effective assistance of counsel in entering his plea, because defense counsel did not advise him that his plea to stalking would make him deportable, investigate the immigration consequences of his plea, or assist him in filing a motion to withdraw his plea.

On August 1, 2014, the court denied Segura's motion.

On September 2, 2014, Segura filed an appeal.

## DISCUSSION

Segura states in his opening brief that he is not appealing the trial court's denial of his motion. Instead, he contends that since he established a prima facie case for habeas corpus relief, the trial court should have treated his motion as a petition for writ of habeas corpus. Thus, according to Segura, the matter should be remanded with directions to the trial court to treat his motion as a petition for writ of habeas corpus. We disagree.

Section 1016.5, in pertinent part, provides:

> "(a) Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law … the court shall administer the following advisement on the record to the defendant: [¶] If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged *may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States*. (Italics added.)

> "(b) ... If … the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty. Absent a record that the court provided the advisement

3

required by this section, the defendant shall be presumed not to have received the required advisement.…"

It is undisputed that the court advised Segura of the three immigration consequences of his plea it was required to advise him of pursuant to section 1016.5. Further, section 1016.5 did not grant the court jurisdiction to consider an ineffectiveness of counsel claim with respect to his plea. (*People v. Aguilar* (2014) 227 Cal.App.4th 60, 71.) Accordingly, we conclude that the trial court did not abuse its discretion when it denied Segura's motion.

Moreover, Segura did not designate his motion in the trial court as a petition for writ of habeas corpus, the motion was not verified as required for a petition for a writ of habeas corpus (§ 1474, subd. (3)), and Segura did not explain or justify his delay in seeking relief. (*In re Clark* (1993) 5 Cal.4th 750, 783 [the petitioner must explain and justify any substantial delay in presenting a claim].) Additionally, since Segura has not cited any supporting authority, we reject his contention that the court should have treated his motion as a petition for a writ of habeas corpus, and we decline to remand this matter to the trial court for it to do so.

## DISPOSITION

The August 1, 2014 order denying Segura's motion, filed on July 10, 2014 in case No. MCR030664, is affirmed.

4