Filed 5/17/16  P. v. Leyva CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FERNANDO RIVERA LEYVA,<br><br>    Defendant and Appellant. | B264595<br><br>(Los Angeles County<br>Super. Ct. No. PA076703) |

APPEAL from an order of the Superior Court of Los Angeles County. Lloyd M. Nash, Judge.  Affirmed.

Law Office of Zulu Abdullah Ali, Zulu Abdullah Ali and Mohammad Iranmanesh, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In a felony complaint filed by the Los Angeles County District Attorney, defendant and appellant Fernando Rivera Leyva was charged with assault with a deadly weapon, in violation of Penal Code section 245, subdivision (a),[1] and the allegation that he personally inflicted great bodily injury within the meaning of section 12022.7, subdivision (a). Appellant pleaded no contest to the charge and the enhancement was stricken as a result. The trial court sentenced appellant to three years of formal probation.

Later, appellant filed a motion to vacate his conviction on the grounds that he was not properly advised of the immigration consequences of his plea. The trial court denied the motion.

Appellant timely filed a notice of appeal and a request for a certificate of probable cause. The trial court denied his request for a certificate of probable cause. On appeal, appellant argues that pursuant to *Padilla v. Kentucky* (2010) 559 U.S. 356 (*Padilla*), the Judicial Recommendation against Deportation (JRAD), and the legislative intent behind section 1016.5, he was not properly advised of the immigration consequences of his plea.

We affirm.

## PROCEDURAL BACKGROUND[2]

On October 1, 2013, appellant pled no contest to assault with a deadly weapon. The minute order reflecting appellant's plea provides, in relevant part: "If you are not a citizen, you are hereby advised that a conviction of the offense for which you have been charged will have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

On September 9, 2014, appellant filed a motion to vacate his conviction on the grounds that he was not properly advised of the immigration consequences of his plea. In support, he filed a declaration in which he claimed that he was not informed that "pleading guilty to the criminal charges in question would subject [him] to mandatory

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     Because appellant pleaded no contest prior to trial and the only issue raised on appeal is the alleged failure to advise him of the immigration consequences of his plea, we have omitted a statement of facts.

deportation." Appellant was not present at the hearing; counsel explained that he may have been in the custody of the immigration authorities. The trial court noted that appellant's presence was important because "I [the trial judge] advised him myself personally, and he signed the—he initialed the box he was advised, so it's important to be able to question him." The hearing was continued.

Appellant was again absent at the continued hearing date. Counsel requested another continuance and informed the trial court that he had submitted an order for transport. The trial court replied that it was uncertain whether it had jurisdiction to order the federal government to transport appellant to court. The matter was continued again.

Appellant was again absent at the continued hearing date. Counsel submitted on the paperwork. The trial court denied appellant's motion on the grounds that there was no legal basis to grant it.

## DISCUSSION

Section 1016.5 provides, in relevant part: "(a) Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law . . . the court shall administer the following advisement on the record to the defendant: [¶] If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

"A noncitizen who has been convicted of a felony based on a plea of guilty or nolo contendere, but who claims that he was not advised on the immigration consequences of his . . . plea . . . can bring a statutory motion to vacate the judgment, under section 1016.5." (*People v. Aguilar* (2014) 227 Cal.App.4th 60, 68.)

"To prevail on a motion to vacate under section 1016.5, a defendant must establish that (1) he or she was not properly advised of the immigration consequences as provided by the statute; (2) there exists, at the time of the motion, more than a remote possibility that the conviction will have one or more of the specified adverse immigration consequences; and (3) he or she was prejudiced by the nonadvisement. [Citations.] On the question of prejudice, defendant must show that it is reasonably probable he would

3

have not pleaded guilty or nolo contendere if properly advised. [Citation.] Whether defendant knew of the potential immigration consequences, despite inadequate advisements at the time of the plea, may be a significant factor in determining prejudice or untimeliness. [Citation.] Thus, in deciding the merits of defendant's motion to vacate, it may be important for the trial court to determine the factual issue of knowledge." (*People v. Totari* (2002) 28 Cal.4th 876, 884.)

We review the denial of a motion to vacate under section 1016.5 for abuse of discretion. (*People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 192.)

Applying these principles, we conclude that the trial court did not err in denying appellant's motion to vacate. He was specifically advised of the consequences of his plea pursuant to section 1016.5.

Relying upon the JRAD and the legislative intent behind section 1016.5, appellant asserts that "a simple advisement under the generic recital set . . . forth in section (a) of the statute is unfair, not proper, and does not reflect the legislative intent of the statute." Appellant offers no legal authority in support of this argument and we discern no basis for adopting it.

Appellant's reliance upon *Padilla* is misplaced. As appellant concedes, *Padilla* concerned a claim of ineffective assistance of counsel. (*Padilla*, *supra*, 559 U.S. at p. 360.) Appellant does not assert here that his counsel was ineffective. And, while appellant offers *Padilla* in support of the proposition that "the immigration laws have changed drastically over time," *Padilla* does not hold that the trial court has any expanded duties beyond those set forth in section 1016.5.

Because we conclude that appellant was properly advised, we need not reach the question of whether he established prejudice. (*People v. Dubon* (2001) 90 Cal.App.4th 944, 956.) However, for the sake of completeness, we conclude that there was no prejudice—there is no indication that it is reasonably probable that, if differently advised, appellant would not have pleaded nolo contendere. There is nothing in the record to show that appellant would have rejected his plea. For example, he offers no evidence how he could have been able to avoid conviction, which specific defenses might have

4

been available to him, how any evidence might have exonerated him, or what immigration neutral plea might have been available. Given appellant's very favorable plea deal, whereby he avoided serving any time in state prison, appellant has failed to establish that had he been differently advised of the immigration consequences of his plea, he would not have entered it.

**DISPOSITION**

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
　　　　　ASHMANN-GERST


We concur:


_____, P. J.
　　　BOREN


_____, J.
　　　CHAVEZ