Filed 4/23/15  P. v. Zamudio CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TONY ZAMUDIO,<br><br>    Defendant and Appellant. | B255386<br><br>(Los Angeles County<br>Super. Ct. No. A533614) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Steven D. Blades, Judge.  Affirmed.

Law Offices of Ruben Salazar and Ruben Salazar for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Tita Nguyen, Deputy Attorney General, for Plaintiff and Respondent.

_____

Tony Zamudio appeals from the trial court's order denying his motion to dismiss his 1985 conviction for drug offenses. We affirm.

## BACKGROUND

On March 20, 1985, a felony complaint charged Zamudio with one count of sale of a controlled substance (cocaine) in violation of Health and Safety Code section 11352, one count of possession for sale in violation of Health and Safety Code section 11351, and one count of maintaining a place for sale in violation of Health and Safety Code section 11366. Zamudio pleaded guilty on March 20, 1985 to one count of sale, one count of possession for sale, and one count of maintaining a place for sale of a controlled substance (cocaine). The minute order states that Zamudio was "advised of possible effects of plea on any alien or citizenship status." The trial court sentenced Zamudio to three years of formal probation and service of a 180-day jail term. There is no reporter's transcript of the hearing at which he entered his plea or of the sentencing hearing.

Zamudio applied for legal permanent residence status in 1995. The Immigration and Naturalization Service (INS) denied his application on June 9, 1999, as he was inadmissible as a result of his guilty plea in 1985. In 2000, Zamudio applied for employment authorization, and INS denied his application on December 15, 2000, based on the earlier denial of his application for legal permanent residency.

Zamudio filed a motion to expunge his conviction under Penal Code section 1203.4,[1] and on February 17, 2004, the trial court granted the motion and dismissed his convictions, noting "probation has already expired." Zamudio's guilty plea was withdrawn, and the case was dismissed. That action has no impact on the federal immigration consequences of his conviction. (*People v. Martinez* (2013) 57 Cal.4th 555, 560, citing *Ramirez-Castro v. INS* (9th Cir. 2002) 287 F.3d 1172, 1174 [in which the Ninth Circuit observed: "For immigration purposes, a person continues to stand convicted of an offense notwithstanding a later expungement under a state's rehabilitative law."].)

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

In August 2007, Zamudio requested a copy of his Federal Bureau of Investigation identification record, which continued to show his three 1985 convictions. Over five years later, in October 2012, Zamudio retained present counsel.

On January 10, 2014, Zamudio filed a "Suggestion for Court to Exercise It's [sic] Discretion to Dismiss Based on the Interest of Justice," asking the superior court to dismiss his convictions under section 1385 and *Padilla v. Kentucky* (2010) 559 U.S. 356 [130 S.Ct. 1473, 176 L.Ed.2d 284] (*Padilla*). Zamudio claimed that under *Padilla* he received ineffective assistance of counsel when he pleaded guilty, because his then counsel did not fully advise him of the immigration consequences, did not try to negotiate a plea without immigration consequences, and did not attempt to mitigate by negotiating a plea to a less serious offense or sentence.

The court held a hearing on February 18, 2014 and continued on March 13, 2014. Zamudio's counsel admitted at the hearing that it appeared the court's advisement was sufficient, but argued that Zamudio's defense attorneys failed to properly advise him of the immigration consequences. Zamudio testified that when he pleaded guilty, neither his attorneys nor the prosecutor stated anything on the record about the immigration consequences of his plea. He remembered the court making reference to the possible effects of the plea on his alien and citizenship status, but he did not understand that he would be deported, excluded, or denied naturalization. Zamudio was not facing deportation proceedings, but was unable to get a "green card."

The trial court denied Zamudio's motion to dismiss in the interest of justice. The court concluded it could not "exercise my jurisdiction under . . . section 1385 to grant this type of motion in this factual situation;" there was no federal constitutional right under *Padilla*, *supra*, 559 U.S. 356, which had been decided after Zamudio's conviction and was not retroactive; and there was no state constitutional right requiring a different outcome. The court also stated that the minute order indicated that in 1985 Zamudio was advised by the court of the immigration consequences. There was no evidence that Zamudio would not have pleaded guilty had his counsel advised him more fully, and as Zamudio was not in deportation proceedings, there was no prejudice. Finally, the court

3

also found the motion untimely, as after Zamudio realized in 2007 that his conviction still appeared in federal records, he waited for years before finding an attorney and bringing the motion.

Zamudio filed this timely appeal.

## DISCUSSION

Zamudio concedes that he is not entitled to relief under section 1016.5, subdivision (b), or by way of a petition for writ of habeas corpus, or by way of a petition for writ of error coram nobis. (See *People v. Aguilar* (2014) 227 Cal.App.4th 60, 68.) He concedes a direct appeal under section 1237, subdivision (b), is not available, nor is a motion to withdraw his plea under section 1018, as the time for a motion to withdraw or an appeal of his 1985 conviction has long passed.[2] He also concedes that *Padilla*, *supra*, 559 U.S. 356, does not apply retroactively to his conviction. (*Chaidez v. United States* (2013) 568 U.S. __ [133 S.Ct. 1103, 1107–1108, 185 L.Ed.2d 149, 155–156].)

Zamudio's sole remaining argument is that the trial court erred in refusing to dismiss in the interest of justice under section 1385, which in subdivision (a) provides that a court may "on his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed."

Section 1385 may not be invoked for "vacation of a long since final judgment of conviction. Use of section 1385 in that manner would be inconsistent with the Supreme Court's strict focus on the language of the statute." (*People v. Kim* (2012) 212 Cal.App.4th 117, 122.) "Our case law has construed section 1385 to permit a court to dismiss individual counts in accusatory pleadings [citation], sentencing enhancements [citation], allegations that the defendant has suffered a prior conviction [citation], and allegations that the defendant has suffered a prior 'strike.'" (*In re Varnell* (2003) 30 Cal.4th 1132, 1134.) But the section "has never been held to authorize dismissal of an action after the imposition of sentence and rendition of judgment." (*People v. Barraza*

---

[2] Zamudio also concedes "he is not entitled to file a motion for a new trial under . . . [section] 1118," but section 1118 addresses the trial court's entry of judgment of acquittal after a court trial and does not apply to his guilty plea.

(1994) 30 Cal.App.4th 114, 121, fn. 8.) "And such a construction of section 1385 would be impossible to reconcile with the Supreme Court's careful delineation of the available avenues for postjudgment relief . . . [citation] . . . [citation], which omitted any reference to section 1385." (*Kim*, at p. 123.) "In short, judgment had been imposed and defendant had served his prison sentence in this case. The trial court therefore had no authority to dismiss the action pursuant to section 1385." (*Id.* at p. 125.) The trial court properly concluded that it did not have statutory authority to dismiss Zamudio's conviction under section 1385.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

JOHNSON, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.